SCHOOL-DISTRICT No. 73, OF SCOTT COUNTY, *vs.* ANNIE WRABECK, impleaded, etc.

## July 25, 1883.

Action to determine Adverse Claims—Answer alleging Legal Title—Reply alleging Equitable Title.—In an action under the statute to determine adverse claims to real estate, the defendant having, by answer, asserted a legal title in herself, the plaintiff may, in reply, plead facts showing an equitable title in the plaintiff of such a nature that it should prevail over the alleged title of the defendant; *e. g.* plaintiff's purchase of the land from the original owner, a mutual mistake in the deed, the proper description of the land being omitted, a subsequent conveyance of the land from the same grantor to another, who had actual notice of the plaintiff's equity, as well as that derived from plaintiff's possession, and a conveyance by such grantee to the defendant, who took with like actual and constructive notice.

| | |
|---|---|
| 31 | 77 |
| 54 | 13 |
| 31 | 77 |
| 65 | 192 |
| 31 | 77 |
| 68 | 455 |
| 31 | 77 |
| 72 | 141 |

**Trial by Court—Refusal to make Specific Findings.**—The trial court having refused to make certain specific findings of fact, upon the application of a party, the propriety of the refusal cannot be considered upon appeal, there being nothing in the record to show that the proposed findings were in accordance with the facts, or were supported by any evidence upon the trial.

**Same—General Finding of Truth of Allegations in Pleading.**—When, in a pleading, facts are specifically set forth which, if established, would entitle a party to relief as a legal conclusion, a finding by the court of the truth of the allegations in the pleading is sufficient.

Appeal by defendant Annie Wrabeck from a judgment of the district court for Scott county, where the action was tried before *Macdonald*, J., without a jury.

*Brown & Hawkins*, for appellant.

*Henry Hinds* and *Henry Hinds, Jr.*, for respondent.

DICKINSON, J.   The plaintiff, claiming title to the land in question, and to be in possession, commenced this action under the statute to determine an alleged adverse claim of the defendant.   The defendant answered, averring title in herself.   In its reply the plaintiff set up the following facts, which, upon trial, the court found to be true:   In April, 1867, the plaintiff purchased from the defendant Phillips, who then owned the same, the land in dispute, with other land contiguous thereto, and the whole of which consists of a tract measuring 35 feet by 60 feet, the lines of the land purchased being defined.   Phillips executed to the plaintiff a deed of conveyance, whereby it was intended to have conveyed the land so purchased, but, by mistake in the description, the deed was so written as not to include the north half of the land purchased, but included a like quantity of other land, which had not been purchased, and was not intended to have been conveyed.   The tract so omitted from the deed is the land in dispute. Immediately after the purchase, Phillips put the plaintiff in possession, and the plaintiff inclosed the land by a fence, and erected a school-house upon that part of the tract here in question; and ever since the erection of the school-house and fence, in the summer of 1867, the land has been used and occupied by the plaintiff for the site and building of its public school.   These facts were well known

to the defendant and to her grantor, Francis G. Wrabeck, at the time of the subsequent purchase from Phillips, now to be mentioned. On the first day of September, 1867, the defendant Phillips sold to Francis G. Wrabeck land adjoining the land in question, and, with the intent to convey the same, executed a deed of conveyance, which, by mutual mistake of the parties, was made to include the land in dispute, upon which the school-house then stood. In February, 1878, Francis G. Wrabeck executed to the defendant a deed of the land in question. The court, without setting forth the facts found, made a finding that, since the summer of 1867, the plaintiff had been in actual possession of the premises in controversy, and that all of the allegations of fact set forth in the reply were true.

The plaintiff, being in possession of the land in controversy, might have pursued, at its election, either one of two remedies: it might have commenced an action of a purely equitable nature for the reformation of its deed, and a reconveyance from defendant Wrabeck, or for an adjudication which should vest the title in it. Under the statute the plaintiff might, as it did, bring an action to determine any adverse claim of title on the part of the defendant. Its right to successfully prosecute this action does not rest upon a legal title in the plaintiff. If the defendant disclaimed any title, the remedy awarded would consist only in an adjudication to the effect that she had no title adverse to the plaintiff. That remedy would be sufficient as between the parties, and those in privity with them, although the legal title in fact had been conveyed to the defendant, and the plaintiff had only an equitable title. The defendant not disclaiming, as the statute contemplates may be done, but asserting her legal title, it was proper for the plaintiff, in reply, to set up, in avoidance of the defendant's legal title, facts which would be a sufficient ground for equitable relief as against such legal title, and which would be a sufficient reason why the equitable right of plaintiff should prevail over the legal title of the defendant. Such was the course pursued and sanctioned in *State* v. *Bachelder*, 5 Minn. 178, (223,) and it is supported by the reasoning of the court in *Walton* v. *Perkins*, 28 Minn. 413, and cases cited.

After the filing of the findings and decision of the court, the defendant presented to the court several propositions, in the form of distinct findings of fact in the case, and moved, upon the records and files, that the cause be opened, and such specific propositions be found by the court as its findings of fact in the case. The motion was opposed upon several grounds, which the court sustained. In reviewing its action in refusing to make such findings, it is enough to say that there is nothing in the record to show that these propositions, except in so far as they coincide with the findings made by the court, were in accordance with the fact, or supported by any proof. Several of them distinctly contradict the finding of the court that Francis G. Wrabeck conveyed by deed to the defendant. There is no case, or other record of the evidence.

The finding of the court was sufficiently specific, and justified a judgment in favor of the plaintiff. When facts are specifically set forth in a pleading, which, if established, entitle the party pleading to relief, as a legal conclusion, a finding by the court of the truth of the allegations of the pleading is sufficient. Upon the established fact of possession by the plaintiff, and of actual knowledge of the facts by the defendant, and by the party through whom the legal title was conveyed to her, defendant stands in no position to oppose the right of plaintiff to the relief which the facts found show it to be entitled to.

Judgment affirmed.