ANNIE E. SCOFIELD *vs.* JENNIE E. QUINN.

Argued May 23, 1893. Reversed June 28, 1893.

**Relief from Mistake of Law.**

In an action, under the statute, to determine adverse claims to real estate, the defendant asserted title by a conveyance from the plaintiff to her (plaintiff's) mother, and by devise from the latter to the defendant. In reply, the plaintiff alleged that, simultaneously with the delivery of the deed (quitclaim) to her mother, the latter executed and delivered to her a written instrument, not under seal, (set forth in full,) referring to the deed, and declaring the intention of the parties to be that the grantee should hold only *a life estate;* it being pleaded also that this was in accordance with the agreement of the parties, and that the two instruments were parts of the same transaction, and were intended to carry into effect the agreement and purpose to convey a life estate. The conveyance was made upon considerations of filial duty. *Held,* that the two instruments should be read together, to ascertain the intention of the parties. It being apparent that the parties intended the unsealed writing to qualify the deed referred to therein, equity will afford relief, and carry that intention into effect, notwithstanding it was not so executed as to affect in law the absolute terms of the deed. Upon the facts alleged in the reply, (in this statutory action,) the plaintiff was entitled to relief in equity, and it was error to grant judgment for the defendant on the pleadings.

Appeal by plaintiff, Annie E. Scofield, from a judgment of the District Court of Hennepin County, *William Lochren,* J., entered October 1, 1892.

This action was to determine the adverse claims of defendants, Jennie E. Quinn and Margaret L. Quinn, to an undivided half of a farm in said county, lying about four miles southwest of Fort Snelling. The plaintiff for complaint stated that she was owner in fee and in possession of the farm; that defendants each claimed an estate and interest in the land adverse to her, but that their claims were unfounded and void. She prayed judgment to that effect. Defendant Jennie E. Quinn answered, stating that plaintiff, being the owner of the farm, conveyed it August 23, 1879, to her mother Margaret Brosseau, who died testate June 20, 1888, in St. Paul, seised in fee thereof. That her last will was admitted to probate and record, whereby she devised to plaintiff one-half, and to each of the defendants an undivided fourth, of the property. She prayed that

plaintiff take nothing by her action, and that defendants' title, each to one-fourth of the farm, be established.    The plaintiff replied that she was the only child of Mrs. Brosseau, who was poor and indigent, depending on plaintiff for support.    That in consideration of the circumstances, plaintiff on August 23, 1879, made a deed to her of the farm to give her a home thereon for her life.   That the deed was not delivered until October 21, 1879, on which date, in consideration thereof, Mrs. Brosseau made and delivered to plaintiff a writing without seal, copied in the opinion.

When the case came to trial, the court, without hearing evidence, ordered judgment for defendant on the pleadings, in accordance with the prayer of her answer.    Judgment was so entered October 24, 1892, and plaintiff appeals.

*R. J. Burglehaus* and *F. V. Brown*, for appellant.

The effect of the two writings delivered on the same day between plaintiff and her mother was, to convey a life estate in the land, and no more.    This was the intent of the parties ascertainable from the instruments themselves.    The question must therefore be, can the intention of the contracting parties be carried out without violating any rule of law?    The deed and written agreement were delivered simultaneously; the writings were between the same parties and in relation to the same subject-matter.    They should be construed, therefore, together as one contract.    *Grueber* v. *Lindenmeier*, 42 Minn. 99; *Bolles* v. *Sachs*, 37 Minn. 315; *Beer* v. *Aultman-Taylor Co.*, 32 Minn. 90; *Chute* v. *Washburn*, 44 Minn. 312; *Morss* v. *Salisbury*, 48 N. Y. 636; *Hull* v. *Adams*, 1 Hill, 601; *Patch* v. *Phœnix M. L. Ins. Co.*, 44 Vt. 481; *Collins* v. *Lavelle*, 44 Vt. 230.

The language contained in the writing signed by Mrs. Brosseau is sufficient to limit the effect of the granting clause in the deed. The learned Judge of the District Court thought that the language would not be sufficient to affect the operation of the granting clause, even if it were contained in the deed itself.    Since the trial, this court has handed down the decision in *Flaten* v. *Village of Moorhead*, 51 Minn. 518, which we think completely covers that point. Whether the definition of such a clause in a deed in common law terms is a limitation, reservation or defeasance is of little importance compared with the question, what was the intention of the parties

to the instruments?  *Lindley* v. *Groff*, 37 Minn. 338; *Jackson* v. *Hudson*, 3 Johns. 383; *Flagg* v. *Eames*, 40 Vt. 16.

*J. F. Fitzpatrick*, for respondent.

The plaintiff relies on the paper, as a limitation of the estate conveyed by the deed, to a life estate only.  The defendant admits the proposition that contemporary writings may be construed together to determine the nature of a transaction.  But plaintiff here seeks to limit the operation of her own deed by a fugitive memorandum signed by her grantee.  It contains no contract or agreement concerning the title of the land after Mrs. Brosseau's death.  It is not under seal, nor is it a conveyance, or an agreement to convey, or claimed as such by the appellant.  · It is hopelessly uncertain, indefinite and meaningless, and should have no standing whatever before a court.  The plaintiff really seeks to recover, not upon the memorandum, but upon some oral agreement which she claims was back of it.

The mistake, if any, of the parties, was a mistake of the law, a mistake as to the legal effect of the memorandum.  For such mistake the law affords no relief.

DICKINSON, J.  On motion of the defendant, judgment was rendered in her favor on the pleadings, and the plaintiff appealed therefrom.  The plaintiff being in the possession of certain real estate, and asserting title thereto, instituted the action under the statute to determine adverse claims asserted by the defendant.  The defendant, this respondent, answered, setting up title through a conveyance made by the plaintiff to Margaret Brosseau in 1879, and who died in 1888, leaving a will, by which she devised to this respondent an undivided one-fourth of the premises.  The plaintiff replied, setting forth this state of facts:

The plaintiff was a daughter of Margaret Brosseau, who had no home, and was in indigent circumstances.  For the purpose of providing a home for her mother, the plaintiff proposed to give to her a life estate in the land in question, and for the purpose of doing so the plaintiff executed a quitclaim deed of conveyance to her mother in such form as would have conveyed the whole estate.  The deed was executed in August, but was not delivered until October

21st, at which time, for the purpose of limiting the grant to a life estate, in accordance with the agreement of the parties, Margaret Brosseau made, signed, and executed, and delivered to the plaintiff, simultaneously with the delivery of the deed of conveyance, and as a part of the same transaction, this instrument in writing:

"Oct. 21st, 1879.   Bloomington, Findley Farm.   I, Margaret Brosseau, do agree and promise to my daughter, Annie E. Findley Scofield, not to bargain, sell, or dispose, without her consent, the lands lying in Bloomington, known as the 'Findley Farm,' conveyed to me by quitclaim deed the 23d of August, 1879, it being understood between us that I shall hold only a life estate in said land.   Signed and delivered by me, Margaret Brosseau."

If this instrument and the deed therein referred to are to be read together as though they had been but one instrument, and effect given to both according to the expressed intention of the parties, the grant should be construed as being only of a life estate.   The language of the above-recited instrument clearly indicates that such was the intention of the grantee, and according to the allegations of the reply,—the truth of which is to be taken as admitted,—such was also the intention of the grantor, evinced by requiring the execution of that instrument and by her acceptance of it when she delivered her deed, and as a part of the same transaction.   It would seem to be difficult, reading the two instruments together, to attribute to the parties any other intention.   It is of secondary importance in what part of the instruments the intention is expressed, if, notwithstanding any technical impropriety in the arrangement or association of the different clauses, the intention is manifest.   *Flaten* v. *City of Moorhead,* 51 Minn. 518, (53 N. W. Rep. 807.)

The only apparent reason which might prevent the court from reading the two instruments together, and giving legal effect to the intention thus disclosed, is the fact that the above-recited writing is not sealed and attested in accordance with the law relating to conveyances of real estate.   But allowing all possible force to this fact, it is not conclusive.   In this form of action the defendant occupies, as respects the title asserted by her, the position ordinarily assumed by a plaintiff.   *Walton* v. *Perkins,* 28 Minn. 413, 415, (10 N. W. Rep. 424.)   She is seeking to sustain and enforce, as against

the plaintiff, a claim of ownership in fee. If the facts alleged in the reply would constitute a defense, or entitle the plaintiff to any relief, whether legal or equitable, as against the defendant's asserted title, it was error to give judgment against the plaintiff on the pleadings. *School Dist.* v. *Wrabeck,* 31 Minn. 77, (16 N. W. Rep. 493.) It may be conceded that the deed alone conveyed the legal title, and that, if it were not for the intervention of the court in the exercise of its equitable jurisdiction, the other written instrument could not be given legal effect, as limiting the operation of the deed to a convey-ance of a life estate, because it was not executed with the formality of a seal and subscribing witnesses. But the case is such that equi-table principles should be applied and equitable relief afforded so far as necessary to carry into effect the intention of the parties. The reply shows that it was the agreement and intention of the parties that a life estate only should be conveyed, and that the deed and the other instrument were executed as the means whereby that should be done. If that intention of the parties was not thus accomplished it was only because one of the instruments was tech-nically defective as to the manner of its execution, so that in the strictness of the law it was inadequate to qualify the effect of the other instrument, standing alone. But equity will afford relief in such a case, either by reforming the defectively executed instrument, or by restraining the assertion of rights contrary to the real and ex-pressed intention of the parties, or, a right to reformation being shown, by treating the defective instrument as reformed. Thus, an instrument, defective for want of a seal, will be given effect in equity by reformation. *Lebanon Savings Bank* v. *Hollenbeck,* 29 Minn. 322, (13 N. W. Rep. 145.) So of an instrument defective for want of witnesses. *Ross* v. *Worthington,* 11 Minn. 438, (Gil. 323.) See, also, *Chase* v. *Peck,* 21 N. Y. 581; *Bernards· Tp.* v. *Stebbins,* 109 U. S. 341, 349, (3 Sup. Ct. Rep. 252;) *Brinkley* v. *Bethel,* 9 Heisk. 786; *Mas-tin* v. *Halley,* 61 Mo. 199; *Smith* v. *Ashton,* Freem. Ch. 308; *Cocker-ell* v. *Cholmeley,* 1 Russ. & M. 418, 424; 1 Story, Eq. Jur. (13th Ed.) p. 102. It is a sufficient reason for the intervention of equity in such a case as this that, in the absence of such relief, not only will the real intentions of the parties fail of accomplishment, but the transaction would have the effect of defrauding one party for the benefit of the other. The grant made to the plaintiff's mother was

based only on the consideration of filial duty and affection. It was intended by both parties to be restricted to a life estate. They adopted means supposed to be adequate to thus limit the operation of the deed. By their failure to comprehend the legal effect of the writing, the entire estate was legally conveyed. If that effect is to be given to the transaction it would operate as a fraud on the plaintiff, divesting her without consideration of the estate which both parties intended should remain in her. It may be said that the instruments were in the form intended; and that the mistake was only as to the legal effect. But even in such a case equity will grant relief, under proper circumstances, as was considered in *Benson* v. *Markoe*, 37 Minn. 30, (33 N. W. Rep. 38,) and cases cited. The principles upon which that decision was founded are also applicable in this.

Our conclusion is that upon the facts stated in the reply the plaintiff would have been entitled to relief, and that the judgment on the pleadings was erroneous.

Judgment reversed.

VANDERBURGH, J., did not sit.

(Opinion published 55 N. W. Rep. 745.)