FRANK M. JAMES v. CITY OF ST. PAUL.

May 2, 1898.

Nos. 10,924—(4).

**Deed—Delivery—Erasure as to One Description—Finding as to Delivery Sustained by Evidence.**

The deed in question was delivered to the attorney of the grantee therein named to be examined. The title to a part of the land was found not to be satisfactory, and thereupon it was agreed that the description of this part should be erased from the deed by the grantee, that the rest of the land should be paid for at a certain agreed price, and when such erasure was made and the price paid the deed should be considered as delivered. The price was paid, but the erasure was never made. *Held*, the court was justified in finding that the deed was delivered, and it cannot be considered as delivered as to a part of the land, but not as to the other part.

**Same—Reformation—Appeal—Not Entitled to Relief not Asked For.**

The plaintiff did not ask for a reformation of the deed at any stage of the proceedings in the court below, and his assignments of error in this court do not raise the question that he is entitled to such reformation. *Held*, he is not in a position to ask for a reversal because such relief was not granted him.

Action to Determine Adverse Claims—Reformation—Reply—Departure.

In order to maintain an action to determine adverse claims under the statute, when the land is vacant and unoccupied, the plaintiff must have a title, either legal or equitable. It is not enough that he has a mere cause of action for the reformation of a deed under which defendant claims title, which cause he has set up in the reply. *Held*, further, such reply is a departure from the complaint, which alleges that plaintiff is the owner of the land.

Appeal by plaintiff from an order of the district court for Ramsey county, Kelly, J., denying a motion for a new trial. Affirmed.

*Henry C. James* and *Uri L. Lamprey*, for appellant.

*James E. Markham* and *Hermon W. Phillips*, for respondent.

CANTY, J.[1]

Plaintiff brought this action to determine adverse claims to certain real estate in St. Paul, and in his complaint alleged that he is the owner of the land, and that the same is vacant and unoccupied. The defendant answered, and admitted that the land was vacant and unoccupied, denied that plaintiff was the owner, and alleged that defendant was the owner, by reason of a deed of conveyance to it from one Lamprey, who at the time of the execution of this deed was the owner of the land.

In his amended reply, plaintiff admitted that at such time Lamprey claimed to own the land, and alleged that a deed was prepared, signed and acknowledged by Lamprey, purporting to convey said land and several other parcels of land to defendant; that Lamprey delivered this deed and an abstract of title to all of the land to defendant's attorney, for the purpose of permitting him to examine the deed and the title to the land, but that it was agreed between the parties that the deed should not be delivered to defendant until the title was found to be satisfactory, and the agreed purchase price was paid; that, as to the lands described in the complaint herein, said attorney found that the title of Lamprey was unsatisfactory, but as to the rest of said lands the title was satisfactory; that thereafter, in August, 1894, it was agreed by and between Lamprey and defendant that the description of the lands

[1] BUCK, J., absent, took no part.

mentioned in the complaint herein should be erased from said deed by defendant, and that it should pay him the price agreed upon for said other lands described in the deed, and that when such erasure was made, and said last-named price paid, the deed should be considered as delivered; that thereafter defendant paid Lamprey this agreed price, but never paid him anything for the lands described in the complaint herein; that through carelessness, forgetfulness and mistake, defendant caused the deed to be recorded without first erasing the description of such last-named lands. On the trial the court found for defendant, and from an order denying a new trial plaintiff appeals.

1. Appellant contends strenuously that the evidence shows conclusively that the deed from Lamprey to the city was never delivered. Conceding that the facts above stated, as alleged in the reply of appellant, are conclusively established by the evidence, we are still of the opinion that it appears therefrom that the deed was delivered by Lamprey to the city. He received his money for the conveyance when the deed was in the possession of the grantee. He knew that the money was paid as the consideration for the deed, and must have known that the grantee intended, on the payment of the same, to regard the deed as delivered, and to place the same on record. Even if he had a right to suppose that the description of the land here in question had been stricken out of the deed, or would be before it was recorded, still the failure to strike out such description did not, under the circumstances, annul the effect of what he intended at the time to be a delivery. Neither can it be held that the deed was delivered as to a part of the land therein described, and not delivered as to the other part.

2. Again, conceding that the reply alleged and the evidence established facts which show conclusively that plaintiff is entitled to have this deed reformed in equity by striking out such description, still he never asked for any such relief in his pleadings or on the trial in the court below, and his assignments of error raise no such question in this court. All of the assignments of error which are at all material read as follows:

"The district court erred: (1) In finding that the deed from Lamprey to the city was ever delivered; (2) in finding that the lots

in controversy were conveyed by Lamprey to the city;" "(4) in holding that the testimony showing that the deed never was delivered could not be considered, as it would contradict the deed; (5) in disregarding the testimony in the case bearing upon the non-delivery of the deed and the nonconveyance of the property to the city;" "(7) in finding that the city is the owner of any of the property in controversy; (8) in not finding the appellant to be the owner thereof."

Appellant insists in his brief that the deed was never delivered, as to any of the property described in it. It is true that appellant also suggests that the evidence shows conclusively that the deed should be reformed, but this suggestion seems to be an after-thought, and it is a fair conclusion from the record that no such suggestion was ever made to the court below. We cannot reverse the order appealed from merely because the evidence conclusively shows that appellant is entitled to relief which he never asked for at any stage of the proceedings in the court below, and when his assignments of error in this court fail to raise any such question.

3. There is also another reason why appellant cannot have the deed reformed in this action. G. S. 1894, § 5817, provides that a plaintiff may bring an action to determine adverse claims in two instances: First, when he is in possession; and, second, when the land is vacant and unoccupied, and he has or claims title. In School District v. Wrabeck, 31 Minn. 77, 16 N. W. 493, it was held that a plaintiff in possession might maintain such an action, and, in his reply to defendant's answer, might ask for the reformation of the deed under which defendant claimed title. The same is held in Scofield v. Quinn, 54 Minn. 9, 55 N. W. 745. Possession alone, without title, gives the plaintiff a standing to challenge the adverse claims of the defendant in such an action. But, if the land is vacant and unoccupied, the plaintiff has no standing to maintain such an action, unless he has title or claims title. Neither does the statute mean that a plaintiff who claims title, when in fact he has no title, either legal or equitable, can maintain an action against some one else, whose claim of title is at least as well founded as is that of plaintiff.

Plaintiff had no title to this land, either legal or equitable. He had a mere cause of action for the reformation of the deed, but he

has no standing to assert any claim to this land until the deed is reformed. In this case the defendant set up an unfounded claim to the land, arising out of void condemnation proceedings. Suppose it had set up no other claim in its answer, and in his reply plaintiff had asked to have this deed reformed. What connection would there be between defendant's claim under the condemnation proceedings, and plaintiff's claim to have the deed reformed? Clearly none, and the reply would be demurrable, or should be stricken out, because irrelevant and a departure from the complaint. Let us suppose that after the reply was stricken out the parties went to trial. The plaintiff could not prove any title or claim of title, because he could not contradict Lamprey's deed, and under the pleadings he could not have that deed reformed. But the fact that the reply in this case was relevant, and responsive to the facts set up in the answer, did not relieve that reply from the charge that it was a departure from the complaint. In his reply, plaintiff changed front, and admitted that he did not have title as in his complaint alleged; that he could only claim title by having the deed reformed; that therefore on the trial he would. not be able to prove the allegations of his complaint; and would only be able to prove the allegations of his reply. Many cases may arise where the plaintiff may, in such an action as this, set up in his reply facts which entitle him to have the instrument under which defendant claims in his answer reformed in equity. But the plaintiff cannot do this when he is not in possession, and the reply shows that the allegations of the complaint are false, and that he has no title.

Order affirmed.