ELIZABETH BINGHAM v. WILLIAM J. BINGHAM and Another.[1]

August 7, 1908.

Nos. 15,605—(93).

**Delivery of Deed.**

    A finding of the trial court that a certain deed was never delivered, because not accepted by the grantee, *held* sustained by the evidence.

Action in the district court for Lac qui Parle county to determine adverse claims to certain real estate. The case was tried before

[1] Reported in 117 N. W. 488.

Powers, J., who made findings and as conclusion of law found that plaintiff and defendant William J. Bingham respectively were the owners in fee of one half of the land in dispute, but that plaintiff was entitled to the control, use, occupation, and proceeds of all the land during her natural life. From an order denying plaintiff's motion for a new trial, she appealed. Affirmed.

*J. J. Woolley* and *Samuel Whaley,* for appellant.

*H. L. Hayden,* for respondents.

ELLIOTT, J.

This action was brought by Elizabeth Bingham against her son, William J. Bingham, and his wife, to have certain adverse claims to a quarter section of land in Lac qui Parle county, Minnesota, determined. The plaintiff claimed to be the owner in fee of all the land, but the trial court found that she was the owner of but an undivided one-half interest therein, and entitled to the use and occupation of all the land during the time of her natural life. The other undivided one-half interest subject to this life estate was found to be in the defendant William J. Bingham. The plaintiff appealed from an order denying her motion for a new trial.

The complaint alleged that the plaintiff was the owner of the fee and in possession of all the land; that in April, 1906, the title to the land had been conveyed by Walter F. Bingham and wife and William J. Bingham and wife to Robert W. Willis; that shortly after the delivery of the deed to Willis it was returned to William J. Bingham for the purpose of having certain corrections made therein, and that Bingham retained said deed and refused to return it to Willis; that on August 13, 1906, Willis sold and conveyed the tract of land to the plaintiff, and that she ever since has been the owner of the land; that William J. Bingham and his wife claim some right, title, and interest in and to the land; that said claim is wholly invalid; and that they have no right, title, or interest in the land or any part thereof. Judgment was demanded that the plaintiff be decreed the owner in fee simple of the land, free and clear of any claims of any kind of the defendants, or either of them, and that the judgment operate and be effectual to transfer to the plaintiff all the title that said defendants, or either of them, had or possessed in said tract of land.

The answer alleged that in April, 1906, William J. Bingham and Walter F. Bingham were possessed of the legal title to said land; that they were the owners in fee simple and entitled to the possession thereof; that William J. Bingham and his wife hold the fee-simple title and possession of said land to the extent of an undivided one-half interest therein. It is admitted that the deed to Willis was executed, and alleged that it was never delivered.

So far the pleadings make an ordinary case of an action to determine adverse claims; the plaintiff alleging the legal title (acquired from Willis) and possession of the land to be in her, and the defendants asserting that the legal title and right to possession was in William J. Bingham. But the reply states the facts in detail, and the allegations therein contained, if true, seem to make a case which, if all the parties had been before the court, entitled the plaintiff to equitable relief.

It is alleged in the reply that on December 11, 1903, and for a long time prior thereto, the plaintiff Elizabeth Bingham was, and had been, the owner in fee simple of the land described in the complaint; that on December 11, 1903, Elizabeth Bingham and her husband deeded the land to Myrtle I. Bates, and that this deed was duly recorded; that thereafter, on February 19, 1904, Myrtle I. Bates, unmarried, conveyed an undivided one-half interest in said land to Stella E. Bates, by a deed which was duly recorded; that thereafter, on February 19, 1904, said Myrtle I. Bates and Stella E. Bates conveyed the land to Walter F. Bingham and William J. Bingham by deed which was duly recorded; that the conveyances from Elizabeth Bingham and her husband to Myrtle I. Bates and Stella E. Bates, and from them to Walter F. and William J. Bingham, were each and all made without any consideration whatever, but solely in trust for the plaintiff, Elizabeth Bingham, and solely and wholly on her own motion, and for the sole and exclusive purpose of changing the title of said land of record as a matter of convenience, and for no other purpose whatever; that no consideration whatever ever passed for any of said deeds; and that Elizabeth Bingham remained at all times the owner of the land. It also alleged that the deed from Myrtle I. Bates and Stella E. Bates to Walter F. and William J. Bingham was made at the instance and procurement of Elizabeth Bingham on her own account, and without the knowl-

edge or consent of the grantees, and that the deed was never delivered to either of said grantees; that the said deed to Walter F. and William J. Bingham provided and was made upon the express condition that Walter F. and William J. Bingham should provide a home for Myrtle I. and Stella E. Bates until they should have a home for themselves, and that Elizabeth Bingham should be entitled to the use and occupation of the land during her lifetime; that Walter F. and William J. Bingham never provided any home for said Myrtle I. and Stella E. Bates, and that they have never had, and have not now, any home.

The reply contains further allegations with reference to the sale of the land to Robert W. Willis, which need not, however, be here set out. It is clear that the facts alleged in this reply, if established, entitle the plaintiff to equitable relief.

The evidence showed very clearly that William J. Bingham entered this land as a homestead; that owing to some family difficulties he subsequently conveyed the title to his wife, Elizabeth, the plaintiff and appellant herein; that Elizabeth Bingham has been in actual possession of the land for many years; that, being desirous of so arranging the title that the land would, upon her death, reach the parties to whom she wished it to go, she deeded it to Myrtle I. Bates, one of her granddaughters; that subsequently she caused Myrtle I. Bates to convey an undivided one-half interest in the land to Stella E. Bates, another granddaughter; that thereafter she caused both granddaughters to convey the land to William J. and Walter F. Bingham, her two sons, by a deed which provided that the grantees should furnish a home to the two granddaughters until such time as they had homes of their own, and that Elizabeth Bingham should be entitled to the possession, use, and profit arising out of the land so long as she lived. All these deeds were made and recorded, without the knowledge of the grantees, under the direction of Elizabeth Bingham, for her own purposes, and without any intention of losing actual control over the title. No one of the grantees paid any consideration for the conveyance, and neither William J. nor Walter F. Bingham furnished homes for the granddaughters, nor have they ever secured homes for themselves. Some time after the title had been transferred to the sons the appellant sold the land to one Willis for $4,800. The legal title then stood in William J. and Walter F. Bingham.

A deed was prepared by Elizabeth Bingham's agents and forwarded to William J. Bingham at Nahant, South Dakota, with the request that he execute and return it immediately. This he did without question, and it was afterwards executed by his wife, and by Walter F. Bingham and his wife, and sent to a bank at Marietta, Minnesota, for delivery to Willis on the payment of the balance of the purchase price. Willis declined to accept the deed until a correction was made therein by adding the letters "Jr." to the name of William J. Bingham, in order that no question of identity between him and his father, who had originally homesteaded the land, might arise in the future. The deed was thereupon returned to William with the request that he make the addition after his signature and return it immediately to Barnes Bros., who represented Mrs. Bingham in the transaction. Having thus obtained possession of the deed, which he had executed and delivered without question, William J. Bingham declined to return it to his mother unless she paid him one-half of the $4,800 which she was to receive from Willis. Being unable to deliver the deed, Elizabeth Bingham returned the part of the purchase money which had been paid by Willis. Walter F. Bingham and wife thereafter conveyed the legal title to the undivided one-half interest in the land to Elizabeth Bingham, and Willis also conveyed to her whatever interest he had acquired in the land. This action was then commenced, on the theory that the deed from William J. Bingham had actually been delivered to Willis.

The court was correct in finding that the evidence did not sustain this claim. There is no doubt but that William J. Bingham parted with the possession of the deed with the intention that it should be delivered; but it was never delivered to Willis, as he refused to accept it, and the legal title to the undivided one-half interest in the land, therefore, remained in William J. Bingham. If all interested parties had been in court, the equitable rights of Mrs. Bingham could have been determined in this action. When, in an action under the statute to determine adverse claims to real estate, the defendant asserts the legal title in himself, the plaintiff may in reply plead facts showing an equitable title in himself of such a nature that it should prevail over the alleged title of the defendant. School-District v. Wrabeck, 31 Minn. 77, 16 N. W. 493. But the grantors in the deed from Stella E. and

Myrtle I. Bates to William J. and Walter F. Bingham were not parties to this action, and their rights could not, therefore, be determined. The plaintiff rested her case entirely upon the title alleged to have been acquired from Willis, and objected to the trial of the equitable issues presented by the reply. When the defendants opened their case, the plaintiff objected "to the introduction of any evidence on the part of the defendants on the ground and for the reason that the only question is whether the deed alleged in the complaint to have been delivered was delivered."

The court found that the deed had not been delivered, and that William J. Bingham was the legal owner of an undivided interest in the land, subject to the provisions in the deed by which he acquired such title. No findings were made upon any of the equitable questions presented by the reply, and none were asked for by the plaintiff. The court determined the location of the legal title only; that is, the legal rights of William J. Bingham under the deed from Stella E. and Myrtle I. Bates. If Mrs. Bingham is entitled to equitable relief, it can be obtained in a proper action brought for that purpose, to which all interested persons are made parties. Her equitable rights are not determined in this case.

Order affirmed.