## MOLLEY GARREY AND OTHERS v. MELVIN A. NELSON AND OTHERS.[1]

March 11, 1932.

No. 28,826.

*John Christopherson,* for appellants.
*Charles H. Winter,* for respondents.

WILSON, C. J.

Defendants appealed from an order denying their motion for a new trial.

Nels Nelson died on November 16, 1906, owning real estate in St. Paul. The probate court correctly decreed an undivided one-third thereof to the widow, Annie M. Nelson, and an undivided two-

[1]Reported in 242 N. W. 12.

ninths thereof to each of his three children, who are the defendants herein. At the times here important the mother was the guardian of defendants George E. Nelson and Lavina C. E. Nelson, Melvin A. Nelson having reached his majority.

In about 1919 one Habberstad negotiated a sale of this real estate, and a small adjoining tract owned exclusively by Annie M. Nelson, to plaintiff Molley Garrey for $575, which was paid. Mrs. Nelson conveyed her tract of ground and her one-third interest in the other tract to Mrs. Garrey.

Melvin A. Nelson undertook to convey his two-ninths of the one tract to Mrs. Garrey, but by inadvertence and by mistake his deed described but one-ninth thereof instead of two-ninths.

The guardian petitioned the probate court for license to sell the interests of her two wards in the one tract, and an order of license was duly made. In the appraisal in probate court their interests were erroneously described as two-thirds. In the sale bond their interests were described only as an undivided two-ninths when it should have been an undivided four-ninths. The same error was made in the report of sale and in the order confirming the sale. The deed which the guardian executed and delivered to plaintiff Molley Garrey, to whom the sale had been made, correctly described their interests as an undivided four-ninths of the premises, but the deed had been lost without being recorded.

Molley Garrey and her husband went into possession and made improvements on the premises so acquired to the extent of $3,000. They then sold the premises to plaintiff Florin Mann on contract for deed. Plaintiffs prosecuted this action to determine adverse claims. Defendants answered, claiming that Melvin A. Nelson still owns an undivided one-ninth of the premises and that George E. Nelson and Lavina C. E. Nelson each own an undivided two-ninths thereof. Plaintiffs replied, setting up all the facts in detail showing the mistakes, etc.

■ Appellants' position, that since this action as commenced was a legal action the plaintiffs cannot prevail on an equitable title, is untenable. The rule is that when defendants assert a legal title in

such an action the plaintiffs may in their reply plead facts showing an equitable title of such character that it ought to prevail over the legal title. School Dist. No. 73 v. Wrabeck, 31 Minn. 77, 16 N. W. 493; Scofield v. Quinn, 54 Minn. 9, 55 N. W. 745; Alt v. Graff, 65 Minn. 191, 68 N. W. 9; James v. City of St. Paul, 72 Minn. 138, 75 N. W. 5; Bingham v. Bingham, 105 Minn. 271, 117 N. W. 488; Geo. A. Hormel Co. v. First Nat. Bank, 171 Minn. 65, 212 N. W. 738; First Nat. Bank v. N. W. Trust Co. 181 Minn. 115, 231 N. W. 790; Hicks v. Fruen Cereal Co. 182 Minn. 93, 233 N. W. 828.

■ It was understood by all that Molley Garrey was to have complete title. She paid for such. The owners received the full purchase price. The purchaser, acting in good faith, went into possession and made valuable improvements thereon. The defendants now seek to take advantage of such mistake and unjustly to enrich themselves at the expense of the purchaser. In equity the court adapts its relief to exigencies of the case in hand, and in so doing form always gives way to substance. In other words, equity regards the substance of the transaction and not the form thereof. Courts of equity will seek rather to discover and carry into effect the real intention of the parties and to enforce it according to the sense in which it was understood by them. This principle is not applied merely in order the better to effectuate the real intention of the parties, but it is also called to the assistance of the courts when seeking to detect and to prevent beneath the forms of law possibly concealed violations thereof. Related to this same principle is the maxim that a court of equity regards that as done which ought to have been done. The true meaning of this maxim is that equity will treat the subject matter, as to collateral consequences and incidents, in the same manner as if the final acts contemplated by the parties had been executed exactly as they ought to have been; it must not be understood that equity will thus consider such matters in favor of all persons. Such is not the case. Equity extends such consideration only in favor of such as have a right to ask that the acts might be done. In such agreements as here involved, which are made for a valuable consideration but are put in such form as

to result in inequitable results, this principle is applicable and controls.   2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 3142.   Under the maxim mentioned, the plaintiffs are entitled to judgment excluding the defendants from any interest in the premises and that plaintiffs' equitable title prevails over the defendants' legal title thereto.

Affirmed.