LAWRENCE N. DOW, EXECUTOR OF ESTATE OF L. H. DOW,
v. HENRY SANDSTROM.
FIRST NATIONAL BANK OF PROCTOR AND ANOTHER,
THIRD-PARTY DEFENDANTS.

190 N. W. (2d) 471.

September 17, 1971—No. 43339.

*Newton S. Friedman,* pro se, for petitioners.
*Paul J. Louisell,* for respondent.

PER CURIAM.

This is a proceeding to determine the finality of an order of the district court adjudicating plaintiff's right to the sum of $968.42 held in escrow by defendant, Henry Sandstrom, clerk of District Court of St. Louis County, and released to third-party defendants First National Bank of Proctor and Newton S. Friedman.

This litigation arose out of a divorce action. Real estate owned by the parties was subject to a judgment lien in favor of the Proctor bank. The property was sold to one David J. Ankarlo and his wife for the sum of $1,248.83. The proceeds were paid to the clerk of court who released the sum of $968.42 to defendant Friedman as attorney for the bank. Thereupon L. H. Dow, now deceased, as assignee of the original owner brought proceedings in the divorce action to recover from the bank or the clerk of court the proceeds of the sale. The trial court by order of March 11, 1969, denied the relief sought and held as follows:

"IT IS ORDERED:

"1. That upon presentation of a receipt by petitioner, L. H. Dow, the Clerk of District Court is hereby directed and ordered to deliver to said petitioner the sum of $280.41 previously deposited with said Clerk in the matter herein.

"2. Petitioner's other requests for relief are in all respects DENIED, to-wit:

"a. The receipt by the First National Bank of Proctor of the sum of $968.42 from the Clerk of District Court on October 20, 1966, is confirmed.

"b. That at the date said bank received said sum from the Clerk, it had a lien against the premises of David J. Ankarlo and Claudia J. Ankarlo by reason of a judgment in its favor against Joyce M. Willeck.

"Let judgment be entered accordingly."

Dow appealed from that adjudication but the appeal was dismissed as not timely. Willeck v. Willeck, 286 Minn. 553, 176 N. W. (2d) 558. Thereafter, this action was brought by Dow's executor against the clerk of court, seeking identical relief. Friedman and the Proctor bank were made third-party defendants.

The trial court ruled that the prior proceedings were not res judicata, apparently being of the opinion that the dismissal of the appeal deprived it of finality. We hold that the doctrine of res judicata applies.

Had no appeal been taken from the order of March 11, 1969, clearly that adjudication would be final. Consequently, we are unable to perceive any reason why an abortive appeal requires a different result. The issue resolved against plaintiff, L. H. Dow, in the prior proceeding concerned his right to the $968.42 released by defendant Sandstrom to the bank. That is the same issue which he is again attempting to litigate. Accordingly, it is the trial court's duty to dismiss the action with prejudice and on the merits. It is so ordered.