In the Matter of ESTATE OF Eugene W. TROW, Deceased.

No. C6-84-1100.

Court of Appeals of Minnesota.

Jan. 29, 1985.

Kay Nord Hunt, Minneapolis, for appellant.

Richard L. Luther, Minneapolis, for respondents.

Heard, considered, and decided by FORSBERG, P.J., and SEDGWICK and LANSING, JJ.

## SUMMARY OPINION

FORSBERG, Judge.

### FACTS

Eugene Trow died testate in 1979. Trow's widow elected to take against the will. A 1981 district court order resolved a dispute between the widow and the will devisees concerning the use of the widow's nonprobate assets for administration expenses. This order was upheld on appeal.

In October 1983, the probate court issued an order allowing Final Account and Decree of Distribution. The will devisees brought an untimely motion for modification of the October 1983 order. The widow filed a timely motion to amend or clarify the order. In May 1984, the trial court denied the widow's motion for clarification. The trial court also denied a later motion by the devisees to amend the supplementary May 1984 order.

The widow seeks to appeal the trial court's denial of her motion to amend the 1983 order. The will devisees seek to appeal the merits of their untimely motion to amend the October, 1983 order.

## DECISION

1. Only those probate orders enumerated in Minn.Stat. § 525.71 (Supp. 1983) are appealable. An order denying a motion to amend a supplementary order is not appealable. Although Minn.Stat. § 525.71(16) permits appeal from "[a]n order * * * relating to or affecting inheritance taxes," the order appealed from only tangentially concerns estate taxes, as one of the administration expenses to which the nonprobate assets may be applied.

Minn.Stat. § 525.71(11) (Supp.1983) allows appeal from

> an order vacating, or refusing to vacate, a previous appealable order, judgment, or decree alleged to have been procured by fraud or misrepresentation, or through surprise or excusable inadvertence or neglect.

Appellant, however, did not allege that the 1983 order was procured by fraud, in any of the ways listed in the statute. Rather, she claimed an inconsistency in provisions of the 1983 order and memorandum.

We note also that the 1981 district court order, affirmed on appeal, resolved the same issue against appellant, making collateral estoppel applicable against her were we to reach the merits on this issue. *See, Dow v. Sandstrom*, 291 Minn. 531, 190 N.W.2d 471 (1971).

2. Respondent devisees contend this court has jurisdiction to decide the merits of issues not addressed by the trial court because they were not raised timely. They claim timely service of notice of review on all persons required by Minn.R.Civ. App.P. Rule 106 entitles them to review of the merits of these issues. The purpose of Rule 106 is to permit determination of all controversies between parties in a single appeal.

This court, however, is not a court of original jurisdiction. A matter not properly before the probate court due to untimeliness, is not properly before this court.

Appeal dismissed for lack of jurisdiction.