### In re ESTATE OF Edward J. SIMPKINS, Deceased.

### No. C5–89–68.

Court of Appeals of Minnesota.

Feb. 21, 1989.

Norbert B. Traxler, O'Neill, Traxler & Zard, New Prague, for appellants Mae, Wenik, Simpkins and Simpkins.

Julius A. Coller, II, Shakopee, for respondent Estate.

Mark H. Stromwall, Prior Lake, for respondent Jorgenson.

Considered at Special Term and decided by WOZNIAK, C.J., and HUSPENI and CRIPPEN, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

After the death of Edward J. Simpkins, his five devisees gathered to discuss a perceived ambiguity in his will. On February 20, 1988 the five entered into a written settlement agreement. Afterwards, one of the devisees (Marguerite Jorgenson) sought to repudiate the agreement. The other four moved the court for an interpretation of the will. This motion resulted in an October 31 order construing the will. A memorandum submitted by the four devisees prior to the October 31 order contained the following statement:

> The attempt to resolve the interpretation by agreement of February 20, 1988 should now be discarded since it has been rejected by Marguerite Jorgensen as entered into under duress.

When the October 31 order construed the will contrary to the position of the four devisees, they brought a motion to *enforce* the February 20 settlement agreement. By order dated December 21, the trial court denied the motion.

On January 12, 1989 appellants filed this appeal, seeking review of the December 21 order. This court questioned jurisdiction and directed the parties to address the appealability of the December 21 order.

■ This court has held that "only those probate orders enumerated in Minn. Stat. § 525.71 [1988] are appealable." *In re Estate of Trow*, 361 N.W.2d 436, 437 (Minn.Ct.App.1985). Appellants claim the December 21 order is appealable pursuant to Minn.Stat. § 525.71(8) (appeal from an order directing or refusing to direct the payment of any bequest). The trial court's order refusing to enforce the original settlement agreement does not direct or refuse to direct the payment of any bequest, nor does it fall under any other subsection of Minn.Stat. § 525.71. Therefore, the December 21 order is not appealable. *See Trow*, 361 N.W.2d at 437. We do not comment on whether appellants have waived their right to challenge the order refusing to enforce the settlement in light of their earlier position that the settlement should be "discarded."

■ The October 31 order addressing the ambiguity of the will is also not appealable. No subsection of Minn.Stat. § 525.71 authorizes an appeal at this time. However, the October 31 order would fall within this court's scope of review in an appeal from a final decree of distribution under Minn.Stat. § 525.71(12). *See* Minn.R.Civ. App. P. 103.04.

APPEAL DISMISSED.