In re ESTATE OF Dorothy B. MAGNUS, Deceased.

No. C3–89–117.

Court of Appeals of Minnesota.

March 14, 1989.

William Lindquist, Winona, for appellants Donald and Gerald Sweeney.

Scott Eller, Best & Flanagan, Minneapolis, for respondent residuary beneficiary Joseph F. Fleischman.

Considered at Special Term and decided by WOZNIAK, C.J., and HUSPENI and CRIPPEN, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

The personal representative for the estate of Dorothy Magnus petitioned the trial court for an order determining whether a bequest had been adeemed. The motion was set for hearing and notice was duly given. Appellants Donald and Gerald Sweeney failed to appear at the hearing. By order on December 21, 1988, the trial judge ruled the bequest was fully adeemed and failed in its entirety because the decedent had no ownership interest in the bequeathed property at the time of her death.

Donald and Gerald Sweeney, the intended beneficiaries under the bequest, appealed. Their statement of the case indicates they will challenge the lack of an evidentiary hearing and the trial court's conclusion that ademption occurred. They move for summary reversal, prior to briefing on the merits. Since the record contains no evidence, and this court cannot base its decision on matters not in evidence, they reason the trial court must be reversed and the matter remanded for an evidentiary hearing.

### DECISION

A motion for summary reversal prior to briefing is not authorized by the Rules of Civil Appellate Procedure or by case law. The motion seeks the same relief as the appeal itself, and resolution of the motion without the benefit of briefs is

wholly inappropriate. It is denied in its entirety.

■ We wish to emphasize appellants' obligation to preserve objections and provide an adequate record for appeal. Our review is necessarily limited to issues which the record establishes were actually raised in, and decided by, the trial court. *Thayer v. American Financial Advisers, Inc.,* 322 N.W.2d 599, 604 (Minn.1982). "Where the parties fail to fully litigate an issue below, we cannot determine it on appeal." *Fryhling v. Acrometal Products, Inc.,* 269 N.W.2d 744, 747 (Minn. 1978).

■ Appellants failed to make an appearance in the trial court, and there is no indication they requested the evidentiary hearing they now seek. It has long been the law in Minnesota that an appellate court may not grant relief never requested in the trial court. *See James v. City of St. Paul,* 72 Minn. 138, 140–41, 75 N.W. 5, 6 (1898); *see also Quaderer v. Integrity Mutual Insurance Co.,* 263 Minn. 383, 390, 116 N.W.2d 605, 610 (1962).

■ The Sweeneys apparently made no motion for amended findings or reconsideration. (While the denial of such motions is not independently appealable, they may serve to clarify the issues and aid in preserving the record for appellate review.) In short, appellants have not indicated they brought their claims before the trial court in any fashion. Where devisees' claims are not timely presented, and thus are not addressed by the probate court, those claims are not properly before this court on appeal. *In re Estate of Trow,* 361 N.W.2d 436, 438 (Minn.Ct.App.1985).

■ Although respondents have not sought dismissal, we note that an appeal may, in appropriate cases, be dismissed outright where the trial court's decision was entered without any appearance or objection by the appellant, and where no application for relief from the decision has been made in the trial court. *Pope v. Ramsey County State Bank,* 140 Minn. 502, 167 N.W. 280 (1918). We hesitate to impose that sanction sua sponte only because the

record, limited as it may be, has not yet been forwarded by the trial court administrator, and we therefore cannot verify that *no* issue was preserved for appeal. We caution the parties to be mindful of our limited scope of review when briefing the merits.

Motion for summary reversal denied.