In re ESTATE OF Dorothy B. MAGNUS, Deceased.

No. C3–89–117.

Court of Appeals of Minnesota.

Aug. 29, 1989.

William A. Lindquist, Winona, for appellants.

E. Joseph LaFave, Tammy L. Pust, Best & Flanagan, Minneapolis, for respondent Joseph Fleishman.

R. Joel Tierney, Office of The University Atty., Minneapolis, for respondent University of MN Theatre Foundation.

Leo F. Murphy, Streater, Murphy, Gernander & Forsythe, Winona, for respondent Karl F. Conrad, Personal Representative.

Robert C. Skemp, Hale, Skemp, Hanson & Skemp, La Crosse, Wis., for respondent St. Mary's College.

Heard, considered and decided by SCHUMACHER, P.J., and FORSBERG and HUSPENI, JJ.

## OPINION

FORSBERG, Judge.

Donald and Gerald Sweeney appeal from an order of the probate court finding a specific devise to a trust adeemed under Minn.Stat. § 524.2–607 (1986). We affirm in part, reverse in part and remand.

## FACTS

Dorothy B. Magnus died testate on August 17, 1988, at the age of 85. By order dated October 5, 1988, Magnus' last will and testament and the first codicil thereto (hereinafter, the "will"), were formally admitted to probate.

Article III of the will made the following provisions for Donald and Gerald Sweeney (appellants):

### Article III.

I bequeath all of the shares of the capital stock of Heileman Brewing Company owned by me at the time of my death to

my Trustees hereinafter named to hold, administer and distribute the same as follows, to-wit:

1. During the lifetime of my friends, Donald Sweeney and Gerald Sweeney, now residing in DelRay Beach, Florida, my Trustees shall pay all of the income of the said trust to said Donald Sweeney and Gerald Sweeney in equal shares and to the survivor thereof.

2. Upon the death of the survivor of said Donald Sweeney and Gerald Sweeney the said Heileman Brewing Company stock shall be distributed to Saint Mary's College, Winona, Minnesota, to be added to the scholarship endowment fund created by Paragraph B, Article V of this my Last Will and Testament.

In late 1987, Amber Acquisition Corp. and the Heileman Board of Directors completed a sale whereby Amber controlled 92.8% of Heileman shares by October 1987. In February 1988, the Heileman shareholders approved a reverse stock split in which Heileman made payments to all remaining shareholders of $40.75, in cash, for each share held. The new ownership made funds available in escrow accounts at various banks to enable former shareholders to present their certificates and receive the cash payments.

Prior to her death, Magnus tendered 17,549 shares and received for them $715,121.75 in cash. Following Magnus' death, the personal representative located certificates for 6,749 shares of Heileman in a safe deposit box. The personal representative surrendered the certificates and received proceeds of $275,021.75.

On October 31, 1988, the personal representative filed a petition with the probate court requesting a determination of whether or not ademption had occurred with respect to the bequest made in article III of the will. The court issued an order for hearing on October 31, 1988. The personal representative served the petition on all interested parties and gave them the required formal notice of the hearing.

The hearing on the petition was held December 20, 1988. Appellants made no appearance. Respondent Joseph Fleischman, a residuary legatee, appeared through counsel and took the position that ademption had occurred. All other parties appearing declared a neutral position on the issue of ademption.

After verifying that notice had been given to all interested parties, the court issued its order on December 21, 1988. The court found "the allegations of fact contained in the petition are true" and concluded that ademption had occurred pursuant to Minn. Stat. § 524.2–607 (1986).

On February 14, 1989, appellants moved this court at special term to grant summary reversal of the trial court order. This motion was denied. *In re Estate of Magnus*, 436 N.W.2d 821 (Minn.Ct.App.1989).

## ISSUES

1. May appellants bring issues before this court that were not addressed in the probate court?

2. May appellants bring issues before this court that were addressed by the probate court, but on which appellants offered no evidence, argument, or objection?

3. Was the decedent's devise of capital stock and the income therefrom adeemed by a reverse stock split?

## ANALYSIS

■ The first question we consider is whether this appeal is properly before this court. Appellants never appeared at the hearing from which the order under appeal was taken. Upon notification of the filing of the order, appellants decided to forego any post-order motions to the trial court. Appellants chose instead to file the present appeal and move this court for summary reversal at special term.

This court denied appellants' motion. The court also took the opportunity, in its special term opinion, to strongly rebuke appellants for their failure to appear or first take up this issue with the trial court by post-trial motion. *In Re Estate of Magnus*, 436 N.W.2d at 823.

The special term order in this case made it clear that the time for taking additional

evidence of any kind had been foreclosed by the appellants' nonappearance. However, there may be an appealable issue raised in the record of the probate proceeding. This record may only consist of the papers filed in the trial court, the exhibits, and the transcript of the proceedings. Minn.R.Civ.App.P. 110.01. "[A]n appellate court may not base its decision on matters outside the record on appeal, and * * * matters not produced and received in evidence below may not be considered." *Plowman v. Copeland, Buhl & Co., Ltd.,* 261 N.W.2d 581, 583 (Minn.1977).

The probate court ordered:

1. The bequest under article 3 of the decedent's will is fully adeemed and fails in its entirety under Minn.Stat. 524.2–607 because the decedent had no ownership interest in Heileman Brewing Co. at the time of her death.

2. All proceeds received by the estate for the Heileman stock certificates found in the decedent's safe deposit box are a part of the residue of the estate. *Order of the District Court, Probate Division,* Hennepin County (sic), No. P4–88–946.

■ Therefore the only question under consideration by this court is whether the probate court properly applied Minn.Stat. § 524.2–607 (1986).[1] This court will not consider any evidence outside the record. Specifically, we will not grant appellants' request for a trial de novo. This court will not take evidence or testimony concerning testator's intent and will not consider appellants' arguments against ademption based on Minn.Stat. § 524.2–608 (1986).

In relevant part, Minn.Stat. § 524.2–607 (1986) states:

(a) If the testator intended a specific devise of certain securities rather than the equivalent value thereof, the specific devisee is entitled only to:

(1) as much of the devised securities as is a part of the estate at the time of the testator's death;

(2) Any additional or other securities of the same entity owned by the testator by reason of action initiated by the entity excluding any acquired by exercise of purchase options;

The issue is, were the stock certificates in the safe deposit box "securities," and if so, were they of the "same entity"?

■ Respondents argue the stock certificates were not securities under the Uniform Probate Code (UPC). It is their contention the shares only represented payment for property purchased, essentially, they were merely sales receipts. They base their argument on the fact that the certificates did not draw interest. We are not aware of any authority holding that to be a security under the UPC, as adopted by the State of Minnesota, an instrument must bear interest.

In fact, the UPC defines the term "security" as:

(37) "Security" includes any note, stock, treasury stock, bond, debenture, evidence of indebtedness, certificate of interest or participation in an oil, gas, or mining title or lease or in payments out of production under such a title or lease, collateral trust certificate, transferable share, voting trust certificate, or in general, any interest or instrument commonly known as a security, or any certificate of interest or participation, any temporary or interim certificate, receipt or certificate of deposit for, or any warrant or right to subscribe to or purchase, any of the foregoing.

Minn.Stat. § 524.1–201(37) (1986).

Under this definition, we find the stock certificates are securities. They are "evidence of indebtedness." Although the amounts have already been paid over to an escrow account, they are still an outstanding indebtedness *from the perspective of the testator* until they are redeemed.

The next issue is whether these are securities "of the same entity." One could

---

1. Respondent argues the only issue properly before this court is a consideration of Minn.Stat. § 524.2–607(a)(1), since at the hearing that was the only provision of the statute cited and raised. However, the text of the court's order is clear and unambiguous on its face. It bases its determination of ademption on its reading of the entire statute. This court is therefore at liberty to review the devise and ademption in light of all provisions of the statute.

argue the "indebtedness" to testator is owed by the escrow agent rather than Heileman. However, the statute apparently foresees this situation by including a provision avoiding ademption when the amounts are owed "by reason of action initiated by the entity." We believe the stock redemption was the type of action contemplated by the framers of the UPC.

Additionally, the securities were acquired by testator as a result of ownership interest in Heileman. The framers of this law note this is an essential element in bringing the transaction within the purview of this statute.

> The Joint Editorial Board considered amending Subsection (a)(2) so as to exclude additional securities of the same entity that were not acquired by testator as a result of his ownership of the devised securities. It concluded that, in context, the present language is clear enough to make the proposal amendment unnecessary.

Unif. Probate Code § 2–607, 8 U.L.A. 148, comment (1989).

We therefore conclude, as a matter of law, the probate court erred in holding the devise of the found stock certificates adeemed under Minn.Stat. § 524.2–607 and remand with instructions to order the funds acquired thereof distributed to the trustee under the terms of article 3 of the testator's will.

## DECISION

1. Appellants may not bring issues before this court not raised before the probate court. An appeal from an order of the probate court is not entitled to trial de novo, nor will this court accept evidence regarding, or conduct an independent investigation of, testator's intent.

2. This court may properly review the probate court's interpretation of a statute despite appellants' failure to argue their position before the probate court.

3. The stock certificates found after testator's death were securities under the Uniform Probate Code and, therefore, ademption did not occur under Minn.Stat. § 524.2–607 (1986).

Affirmed in part, reversed in part and remanded.