BATES and others. Appellants, vs. WINTERS and wife, Respondents.

*March 12—March 30, 1909.*

*Deeds: Delivery.*

Delivery of a deed by the grantor to the scrivener for the purpose of having him put it upon record and with the intention of presently passing title to the grantee was a good delivery, although the scrivener, at the grantee's suggestion, did not have the deed recorded until after the grantor's death.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

This action is brought to set aside a deed from one Perry W. Winters to *Nelson W. Winters,* his stepfather, on the ground that the grantor was mentally incompetent to execute such deed and because fraud and undue influence had been used by the grantee to procure the execution and delivery thereof. It was also contended by the appellant that the deed was not delivered.

The court found (1) that Perry W. Winters died intestate January 28, 1906, leaving no widow, children, father, mother, brothers, or sisters; (2) that the plaintiffs were uncles and aunts of the decedent, and the defendant *Nelson W. Winters* was the uncle and stepfather of said decedent; (3) that the decedent was addicted to the excessive use of alcoholic liquors for several years prior to December 1, 1905, at which time he was taken with the illness that resulted in his death, and that after said 1st day of December he did not use alcoholic stimulants, and that his death was produced by cirrhosis of the liver; (4) that the decedent and said *Nelson W. Winters* were not at all times on friendly terms, but there did not appear to be any deep-seated enmity between the two, and both occupied the same home; (5) that on January 17, 1906, the decedent sent for one William Michelstetter, a

banker at Seymour who acted as his financial agent, and that
at the request of said decedent, on said date, said Michelstet-
ter drafted a deed conveying the premises in controversy to
*Nelson W. Winters,* which deed was executed by the decedent
and was witnessed and acknowledged, and that at the same
time the decedent assigned several mortgages to said *Nelson
W. Winters;* (6) that at the time said papers were drafted
the scrivener and the decedent were alone, and that after its
execution the deed was taken charge of by the scrivener and
was by him recorded in the office of the register of deeds on
January 30, 1906, two days after Perry W. Winters died;
(7) that the defendant *Winters* never received manual pos-
session of the deed until after the same had been recorded,
but that the decedent delivered the deed to the scrivener for
the purpose and with the intent of having him put the same
upon record, and that at said time he intended to transfer the
title of the premises therein described to *Nelson W. Winters;*
(8) that no adequate consideration passed to the grantor in
the deed, and the only consideration therein stated was the
sum of "one dollar and natural love and affection," and an al-
leged equitable interest that the grantor had in the property
by virtue of money expended in improving the same.    The
dollar consideration appears from the testimony to have actu-
ally been paid; (9) that at the time of the execution of the
deed Perry W. Winters was not confined to his bed, but was
able to be around the house, and went upstairs twice while
the scrivener was present to obtain papers from his safe, and
that on the day the deed was executed said Perry W. Winters
was mentally competent to execute and deliver the deed in
question and that he fully comprehended at the time the pur-
port and effect of his act, although somewhat wasted by ill-
ness resulting from the excessive use of alcoholic liquors;
(10) that prior to January 17, 1906, said Michelstetter had
acted as business adviser and agent for the defendant *Nelson
W. Winters,* and that after the execution of the deed and

prior to the death of Perry W. Winters said defendant requested said Michelstetter not to place the deed in question upon record until after the death of Perry W. Winters; (11) that prior to the execution of said deed said grantor appreciated the seriousness of his illness and the fact that he would live but a short time, and said deed was executed and delivered in contemplation of approaching death, and that no undue influence was exerted upon him; (12) that the decedent had never seen three of the plaintiffs, and that he had not seen the other three plaintiffs for a long period of years prior to his death, and had no correspondence or social relations with them, most of said plaintiffs residing in distant states.

On the foregoing findings of fact the court concluded as a matter of law that the complaint should be dismissed, and from a judgment entered in pursuance of the findings of fact and the conclusion of law plaintiffs appeal, and make the following assignments of error: (1) The court erred in finding that the deed in question was delivered to the scrivener for the purpose and with the intent of having the same put upon record, and in finding that the grantor named therein intended to transfer the title of the premises to *Nelson W. Winters.* (2) The court erred in finding that Perry W. Winters was mentally competent to execute and deliver the deed in question. (3) The court erred in finding that at the time the deed was executed the decedent appreciated the seriousness of his illness and the fact that he would probably live but a short time, and that said deed was executed and delivered in contemplation of approaching death. (4) The court erred in finding that no undue influence was exerted upon the decedent by reason of which he executed the deed in question. (5) The court erred in dismissing the plaintiff's complaint.

The cause was submitted for the appellants on the brief of *J. Elmer Lehr* and *Classon & Frank.*

For the respondents there was a brief by *Cady, Strehlow & Jaseph,* and oral argument by *S. H. Cady.*

Barnes, J.   There is ample testimony in the record to support the finding of the trial judge that Perry W. Winters was mentally competent to execute the deed in question and also the finding that such deed was not procured by undue influence.   It is not deemed necessary to recapitulate the evidence sustaining such findings.   There is nothing in the evidence which tends to show that any conditional delivery was made of the deed, or that the grantor named therein intended to reserve any control over the same after placing it in the hands of the scrivener.   On the contrary, there is evidence to the effect that the deed was delivered to the scrivener for the purpose of having the same placed on record, but that at the suggestion of the grantee it was not recorded until after the grantor's death, and that the nominal consideration of one dollar named therein was in fact paid at the time of its execution.   The testimony fairly shows that the possession of the deed was parted with by the grantor with the intention of presently passing title to the grantee.   Under the decisions of this court in *Schumacher v. Draeger,* 137 Wis. 618, 119 N. W. 305; *Wells v. Wells,* 132 Wis. 73, 111 N. W. 1111; *Whiting v. Hoglund,* 127 Wis. 135, 138, 106 N. W. 291; *Kittoe v. Willey,* 121 Wis. 548, 552, 99 N. W. 337; and *Albright v. Albright,* 70 Wis. 528, 533, 36 N. W. 254, there was a good delivery of the deed involved in this action.   The evidence in the case sustains the findings of fact made therein and the findings support the judgment.

*By the Court.*—Judgment affirmed.