KLABUNDE, Appellant, vs. CASPER, Respondent.

*April 23—May 11, 1909.*

*Deeds: Death of grantor: Delivery to third person for grantee: Sufficiency.*

The delivery of a deed to a third person, with instructions to give it to the grantee after the grantor's death, is a valid delivery, if it was the grantor's intention to presently pass the title.

APPEAL from a judgment of the municipal court of Racine county: WM. SMIEDING, JR., Judge.   *Affirmed.*

This is an action to quiet title.   The plaintiff bases his claim to the premises upon the fact that he is the husband of Martha Lemke Klabunde, deceased, who owned the premises

.at the time of her death, and that she died without issue. The defendant's claim is based on a deed from Martha Lemke, which plaintiff alleges was never delivered. · This is an appeal from the judgment adjudging that the plaintiff has no right, title, interest, or claim in or to the premises in question and that the defendant is the owner and is entitled to the possession of the premises.

For the appellant there was a brief by *Simmons, Nelson & Walker,* attorneys, and oral argument by *John B. Simmons* and *M. B. Walker.*

For the respondent there was a brief by *Kearney, Thompson & Myers,* and oral argument by *W. D. Thompson.*

SIEBECKER, J.   Martha Lemke married *Frank Klabunde* in 1903.   At the time of her marriage she was the owner of the premises in question.   In December, 1906, she directed her sister, Mrs. Best, who had come to live with her and to nurse and care for her during her illness from tuberculosis, to get writing materials ready for the notary, a Mr. Schlegel, whom she wished to draw some papers to dispose of her property.   The notary was called in and directed to prepare a deed conveying the premises in question to the defendant. The deed was prepared, signed, witnessed, and acknowledged, the grantor signing the deed with the name "Mrs. Martha Lemke"—Martha Lemke having been her name before her last marriage and being the name of the grantee in the deed used by the notary for obtaining the description.   The grantor was raised in the bed and supported while she signed the deed.   The notary testified that after signing and folding the paper he left it on the grantor's bed.   There was evidence that the notary advised that the deed be handed to a third party for delivery to the grantee after the death of the grantor.   Mrs. Best testified that after the departure of the notary the grantor handed the deed to her and directed her to hold it and to deliver it to the grantee after her death.   In September, 1907, Mrs. Klabunde, while feeling very ill, di-

rected her sister, Mrs. Best, to bring to her for examination, from a trunk where they had been placed and kept by Mrs. Best, a bundle of papers, consisting of certificates of deposit, insurance policies, etc. Among the papers was the deed in question. Mrs. Klabunde went through the papers, and, when she had read over the deed, stated that it was all right, that it was the way she wanted it, and she then handed it to Mrs. Best to keep, at the same time directing her to give it to the grantee when she died. She also gave Mrs. Best the rest of the papers and directed her how to dispose of them. She never thereafter had the deed in question, nor did she do anything to exercise dominion over it. She died March 14, 1908. After Mrs. Klabunde's death the deed was delivered to the grantee by Mrs. Best and it was subsequently recorded. The grantee has taken possession of the premises and excludes the plaintiff therefrom.

The trial court found, among other findings:

"That the said grantor, Martha Klabunde, at the time of the delivery of said deed to Mary Best in December, 1906, intended that the title to said premises should immediately vest in the defendant, subject to the reservation in said deed contained. That at the time of said delivery in December, 1906, the said grantor delivered said deed without reservation or right of recall to the said Mary Best."

From an examination of the record we are convinced that the findings of the court have support in the evidence and cannot be reversed on this appeal. It is not deemed necessary to restate the evidential facts to this effect. It is sufficiently established that the grantor parted with the possession of the deed with the intention of presently passing the title to the grantee. Under the facts proven and found by the court the defendant became vested with the title to the premises under the deed and is entitled to a judgment establishing it in her. See *Bates v. Winters,* 138 Wis. 673, 120 N. W. 498.

We find no error in the record.

*By the Court.*—Judgment affirmed.