FANNIE SVANDA, APPELLANT, v. FRANK SVANDA, SR., ET AL., APPELLEES.

FILED MARCH 10, 1910. No. 15,937.

1. Deeds: DELIVERY: ACCEPTANCE. A deed conveying real estate was duly executed and delivered to the scrivener by whom it was written, with instructions to forward it to the register of deeds for record, the grantee being present and assenting thereto. *Held,* That this consituted a delivery to and acceptance of the deed by the grantee, and the title was thereby vested in the grantee.

2. Specific Performance: EVIDENCE. Plaintiff alleged that before the date of the execution of a deed to real estate she was an unmarried woman; that defendants, the father and mother of an unmarried man, agreed and promised her, in consideration that she would marry their son, they would give and convey to them jointly a designated 160-acre tract of land; that, relying upon their promise, she was married to the son. In a suit for specific performance of the contract, it was shown that subsequent to the marriage a conveyance of a tract consisting of 120 acres of said land was made to plaintiff and her husband, the deed being delivered to a third party to be placed upon record, such delivery being agreed to and accepted by the grantees without objection. *Held,* That by those acts the title to the land conveyed vested in the grantees jointly upon such delivery, and that plaintiff could not maintain a subsequent action for the specific performance of the contract to convey the 160 acres.

3. ———: RELIEF.  In such case, where it was shown that the grantor, without the consent of plaintiff, obtained the return of the deed to him and destroyed it, the court should refuse to enforce specific performance, but should by proper decree confirm and quiet the title of plaintiff in the land conveyed, the prayer of the petition being for general relief.

4. ———: PLEADING: HOMESTEAD.  In such case, where the answer alleged that a portion of the land claimed by plaintiff constituted the homestead of defendants, and no reply was filed denying such allegation, the decree of the district court denying any relief will be reversed, with direction to allow the pleadings to be reformed, if desired, and ascertain whether the land conveyed by the husband alone included any part of the homestead, and, if so, such part, not exceeding $2,000 in value, be excluded from the decree.

5. Vendor and Purchaser: DEEDS: DESTRUCTION.  The destruction by the grantor of a deed conveying real estate, after delivery and without the consent of the grantee, will not divest the grantee of title, the possession of the deed having been obtained by the grantor without the consent of such grantee.

APPEAL from the district court for Richardson county: LEANDER M. PEMBERTON, JUDGE.  *Reversed with directions.*

*Reavis & Reavis* and *I. E. Smith,* for appellant.

*Roscoe Anderson, Edwin Falloon* and *S. P. Davidson,* contra.

REESE, C. J.

This action was commenced in the district court for Richardson county for the specific performance of a contract for the conveyance of real estate described in the petition as the east half of the northeast quarter of section 20 and the west half of the northwest quarter of section 21, all in township 2 north, of range 13 east of the sixth P. M., in Richardson county.  It is averred in the petition, in substance, that on the 3d day of March, 1907, she was an unmarried woman of the age of 17 years, and was in the employ of defendants, Frank Svanda, Sr., and Aloisia Svanda, his wife, and that their unmarried son, Frank Svanda, Jr., was living with his parents as a member of

the family; that the parents of Frank, Jr., on divers times suggested to plaintiff that she become the wife of the young man, and proposed to her, as an inducement to such marriage, that they would convey to the young couple jointly a certain tract of land consisting of 160 acres, the conveyance to be executed as soon after the marriage as it could be conveniently done; that under this arrangement the plaintiff and the said Frank Svanda, Jr., who is made defendant herein, were married, said marriage and the conveyance of the land having been previously agreed to by the parents of both parties; that soon after their marriage the defendants, Frank Svanda, Sr., Frank Svanda, Jr., and plaintiff, went to the city of Humboldt, and a deed of conveyance was executed by Frank Svanda, Sr., to plaintiff and her husband, but which was not accepted by them as not in accordance with the agreement; that at a later date the same parties went to the city of Humboldt, and another deed was prepared and executed by the said Frank Svanda, Sr., and delivered to plaintiff and her husband; that said deed did not comply with the former agreement, but that plaintiff was ignorant of the legal effect of some of its provisions and the deed was accepted by them, and was by the said Frank Svanda, Sr., delivered to the notary by whom it was written, and before whom it was acknowledged, to be by him sent to the register of deeds of Richardson county for record; that upon their return to the home of the defendants the said Frank Svanda, Sr., becoming angry at plaintiff because she declined to submit to his advances, telephoned to some one in Humboldt to see the notary and direct him not to send the deed to Falls City for record, but to return the same to him. It is alleged that the execution of the two deeds was such a recognition of the contract to convey, and, with the marrige, such part performance thereof, as to remove all defense or excuse for the failure of performance; that soon after the execution and delivery of said deed her husband, under the influence of his parents, abandoned her, and has refused to make provision for

her, and the defendants, Frank Svanda, Sr., and his wife, Aloisia Svanda, have refused to make said conveyance as agreed, and that from the beginning their aim and design was to practice a fraud upon her, and that they never intended to comply with their said contract, but that they desired said marriage in order to secure the services of plaintiff as a "common drudge to do the work of their household." It is alleged that she has fully performed her part of the said contract, and insists that defendants comply with theirs. The prayer is for specific performance of the contract conveying to plaintiff an undivided half of the land in question, or if the court is of the opinion, ·by reason of subsequent conveyances having been made by defendants of said property, that specific performance cannot be decreed, that an accounting be had of the value of the land, and that a decree be entered in her favor for a sum of money equal to one-half the value of the land promised and agreed to be conveyed, and for general relief. A copy of the deed last executed, and which it is alleged was delivered to her and her husband, is attached to the petition as an exhibit. The petition is of unusual length, but it is believed the foregoing contains the essential averments sufficient to an understanding of the questions presented.

The defendants filed their joint answer, admitting their relationship to each other; that Frank Svanda, Sr., is the owner of the real estate in question, and deny all other averments in the petition. They specifically deny the promise or agreement to convey the land described in the petition, or any portion thereof, to plaintiff and her husband; allege that they had no knowledge of the contemplated marriage.until after it had been consummated, and that "there was no contract of any sort entered into or considered and discussed between Frank Svanda, Sr., and Aloisia Svanda and this plaintiff and Frank Svanda, Jr., by which said Frank Svanda, Sr., and Aloisia Svanda were to convey said lands, or any portion thereof, to plaintiff and Frank Svanda, Jr., until about two weeks after

said marriage had been consummated between plaintiff and Frank Svanda, Jr." It is alleged that the lands mentioned in plaintiff's petition are and were at the time the alleged contract was made the home and homestead of said Frank Svanda, Sr., and Aloisia Svanda, the same being occupied as such by them; that while they never agreed to convey any of said land to plaintiff and Frank Svanda, Jr., in contemplation of said marriage, or to induce them to intermarry, still Frank Svanda, Sr., in order to comply with the urgent request of plaintiff, offered to convey to her and Frank Svanda, Jr., a portion of the lands, subject to a life tenancy therein of himself and wife, but that his wife, Aloisia Svanda, refused to join in said conveyance; and deny that the offer to make such conveyance was in the attempted consummation of any antenuptial agreement. No reply was filed. The trial resulted in a finding and decree dismissing plaintiff's petition. Plaintiff appeals.

From reading the petition, answer and bill of exceptions, we receive the impression that the cause was tried upon the contention of plaintiff that an antenuptial contract was made whereby the defendants Frank Svanda, Sr., and wife agreed to convey to their son and his wife the 160 acres of land designated, in consideration of their marriage, and that when the marriage was consummated they became dissatisfied with the contract, and exerted an influence over the son and induced him to abandon his wife and join them in defeating her rights, and, by his aid, avoiding the contract. As alleged in the petition and shown by the evidence, the defendants, after the marriage of plaintiff to their son, transferred their real estate, including the land in question, to the different members of the family, and which it was alleged was for the purpose of defrauding plaintiff. But, upon the suggestion of counsel in the argument, that this part of the case would require no attention here, that part of the pleadings has been omitted from our statement of the issues. Much of the attention of the trial court, as well as of counsel, was

devoted to the question of whether the marriage, even if plaintiff's contention that an antenuptial contract was made, was such a part performance as to take the contract out of the statute of frauds. However, we are persuaded that that question is not involved in the case, and it will not be considered.

The evidence shows beyond controversy that, after the marriage of plaintiff to the junior Svanda, they and the senior Svanda went to Humboldt, and a deed of some kind was prepared by which certain real estate, or some interest therein, was conveyed to the young people, but, the deed not being satisfactory, it was not delivered, nor accepted, and was destroyed. No copy of that deed appears in the record, nor are its contents given. At a later date the same parties again went to Humboldt, and applied to another notary, and another deed was prepared by him which was accepted by all parties as being correct, and the deed was, by mutual consent, entrusted to the notary to be sent to Falls City for record. The parties returned to their home. After their arrival at their home defendant, Frank Svanda, Sr., telephoned to a friend in Humboldt to go to the notary, get the deed, and return it to him. This order was without the consent of the grantees. The party called upon the notary as requested, but the deed had already been mailed and was then in the post office. In accordance with the request, the notary went to the post office, procured the deed, and some days later returned it to the grantor, who, without the knowledge or consent of plaintiff, destroyed it. The notary, however, had prepared and retained a copy of the deed, and this copy was attached to the petition, fully identified and verified, and introduced in evidence, showing the acknowledgment, witnessing, etc. It is in all respects a legally executed instrument. The copy attached to the petition describes the land conveyed as the east half of the northeast quarter of section 20 and the west half of the west half of the northwest quarter of section 21, all in township 2 north, range 13, while the copy in the bill

of exceptions gives the description as the east half of the northeast quarter of section number 20 and the west half of the west half of the northwest quarter of section number 13 (21), same township and range. We assume that the discrepancy is a clerical error of the copyist, and will notice it no further. There can be no doubt but that the conduct of the parties at the time of the execution of the deed of conveyance was intended for, and was, a delivery of the deed, and that the title was thereby vested in the grantees. *McGuire v. Clark,* 85 Neb. 102; *Rogers v. Heads Iron Foundry,* 51 Neb. 39; *Brown v. Westerfield,* 47 Neb. 399; *Jamison v. Jamison,* 4 Del. Ch. 311; *Bates v. Winters,* 138 Wis. 673. This being true, the title was not affected by the subsequent procurement of the deed and its destruction by the grantor without the knowledge and consent of the grantee. *Brown v. Westerfield, supra.* See 16 Am. Dig. (Cent. ed.) "Deeds", col. 167, sec. 135.

The evidence shows that the surrender of the deed was with the consent of Frank Svanda, Jr., but not of plaintiff. The deed having been executed, and accepted by plaintiff, must be held as a completion and close of the transaction, and she is entitled to a decree confirming the transfer unless it be shown that some part of the land is included in the homestead of the defendants, the senior Svandas. It is well settled that, when a court of equity acquires jurisdiction of a cause and of the parties thereto, it will retain the cause for all purposes and determine all matters put in issue. See cases cited in 1 Page, Nebraska Digest, 791.

The decree of the district court is reversed and the cause remanded, with leave to the parties to reform the pleadings should they desire to do so, and the district court is directed to hear evidence as to the homestead quality of the land. If any portion of the property con- veyed is found to be included in the homestead, the deed will be held to be ineffectual as to that part, not exceeding $2,000 in value.

REVERSED.