## MICHAEL COMER

### vs.

## JOSEPH R. BALDWIN.

To constitute the delivery of a deed sufficient to pass the title to real estate, the deed must not only be delivered by the grantor, but it must be accepted by the grantee.

Certain facts considered and determined with reference to their sufficiency to constitute a delivery of a deed.

A deed for the conveyance of land signed and acknowledged by the grantor and passed to the grantee for examination, but not so as to constitute a delivery of the deed, cannot operate as a contract or memorandum of a contract for the conveyance of land within the statute of frauds.

This action was brought in the district court for Dakota county, and referred to George L. Otis, Esq., as sole referee; and tried before him. The facts as disclosed on the trial, were substantially as follows: The parties made a verbal agreement or an arrangement for the sale of certain real

Comer v. Baldwin.

estate at a stipulated price, of which $1,000 was to be paid
in cash at the time of the delivery of the deed, and the bal-
ance in one and two years, secured by a mortgage on the
land. They went to an attorney and stated to him the terms
of the agreement, and he drew a deed which was duly exe-
cuted by Baldwin alone. A mortgage was drawn for Comer
and wife to execute, which was executed by Comer alone,
and left with the attorney. Baldwin then handed the deed
and some other papers relating to the title to Comer, who
took them and went into another room to consult his attor-
ney and ascertain if he would be safe in paying over the
$1,000 cash, and delivering the mortgage. Comer's attor-
ney, on examining the papers, said that Baldwin's wife
should sign the deed. The deed was changed so that the
same should be the deed of Baldwin and wife, instead of
Baldwin alone. It was then verbally agreed that Baldwin
should send the deed to his wife in New York to be executed by
her, and when it should be returned so executed, and presented
at the Merchants' Bank in Hastings, Comer would pay the
$1,000, which he agreed to deposit there for that purpose,
and the notes and mortgage for the deferred payments were
to be delivered to Van Slyck to keep till the presentation of
the deed duly executed. The deed was sent to Mrs. Bald-
win, but has never been executed by her, and never pre-
sented at the bank, or to Comer. Comer never made any
demand for the deed, nor has Baldwin made any demand for
the $1,000, or the notes and mortgage. Comer verbally
directed the cashier of the bank to pay over the $1,000, on
presentation of the deed executed by Baldwin and wife; and
the mortgage duly executed by Comer and wife, with the
notes, was left with Van Slyck to be given to Baldwin,
when the deed should be left at the bank executed as afore-
said.

The plaintiff demanded judgment for the delivery of the deed to him, or if the same should be destroyed, that the Court adjudge the title to said real estate to be in the plaintiff, under and by virtue of said deed and said agreement, and the fulfillment of said agreement and conveyance, and for such other relief, &c.    The defendant moved to dismiss the action, on the ground that the complaint did not state facts sufficient to constitute a cause of action; and also that the evidence did not make out a case or entitle the plaintiff to relief.

The referee granted the motion, and dismissed the action and the plaintiff duly excepted.

A motion was made in the court below to set aside the report of the referee, and for a new trial, which was denied, and from the order denying such motion, the plaintiff appeals to this court.

HUDDLESTON & BABCOCK for Appellant.

BRISBIN & PALMER for Respondent.

*By the Court*—McMILLAN, J.—This action was tried by a referee.    Upon the trial, and after the plaintiff had introduced all his testimony and rested his case, the defendant by his attorney moved to dismiss the action upon the grounds:

1. That the complaint does not state facts sufficient to constitute a cause of action.

2d. That the plaintiff upon his testimony is not entitled to judgment, and the defendant upon such testimony is entitled to a judgment of dismissal.

The motion was granted and judgment of dismissal ordered by the referee in his report.    The plaintiff after making and settling a case, moved in the district court to

set aside the report of the referee and for a new trial, on the ground that the report and decision is not justified by the evidence and is contrary to law. The latter motion was denied and the plaintiff appealed to this court. The important and vital question in the case is whether the deed in question was or was not delivered by Baldwin to Comer. As the plaintiff's testimony upon this point as given upon the trial before the referee is before us, it will be more satisfactory to consider the question upon the sufficiency of the proofs offered on the trial, assuming the complaint to be good, as if these are insufficient an amendment of the complaint would not be material. To constitute a delivery of a deed effectual in law to pass the title to real estate, not only must the deed be delivered by the grantor, but it must be accepted by the grantee. *Parker and wife vs. Parker and wife,* 1 *Gray* 411; *Fonda vs. Sage,* 46 *Barb.* 124.

A careful examination of all the testimony in the case fully satisfies us that there was no delivery of the deed from Baldwin to Comer, sufficient to pass any title to or interest in the land. The delivery of the deed, the payment of $1,000 of the purchase money, and the delivery of the notes and mortgage for the balance according to the terms of the verbal agreement, were in legal effect parts of one transaction, and in the absence of qualifying circumstances each essential to and conditioned upon the other. We think it is apparent that at the time Baldwin handed the deed and other papers to Comer, neither of the parties understood it as a delivery of the deed which would pass the title. If it was not handed over with the express or positive understanding of *both* parties that it was for the purpose of enabling Comer the grantee to examine the title and the deed, that at least was Comer's intention in

receiving it; for both Comer and Baldwin immediately went together into Mr. Smith's room; and Comer handing the papers to Mr. Smith, said he was going down to the bank to pay Mr. Baldwin $1,000, and he wanted to see if the title was all right. Baldwin as certainly delivered it upon condition that Comer should make the cash payment in hand, and deliver the securities for the balance. In either case there was no complete delivery, for after examination the title was not satisfactory to Comer, nor did he pay any of the purchase money, or deliver any of the securities, but the deed was changed so as to embrace Mrs. Baldwin as a party grantor, and her interest, and handed back to Baldwin under a verbal understanding that he would send the deed to his wife for execution by her, and return it to Comer when so executed. The transaction was not closed; no title vested in the plaintiff Comer, and the deed has never since been delivered or returned to him. It is the case, therefore, of an unexecuted oral agreement for the sale and purchase of land, which it is scarcely necessary to be observed cannot be enforced, nor would the payment of the entire purchase money, in such case, give the grantee any right which would be enforced in a court of chancery.

The complaint states no facts which would entitle the plaintiff to enforce the specific performance of the verbal agreement, nor does the testimony disclose any such facts.

But it is claimed by the plaintiff that although the delivery of the deed may not have been sufficient to pass the title to the land, yet it was sufficient to constitute a contract in writing, the specific performance of which the plaintiff is entitled to enforce. This position cannot be sustained; for, to render a written contract to convey land operative, it is just as essential that the contract, or memo-

randum of the contract, required by the Statute of Frauds be delivered, as that a deed be delivered in order to convey the title to the land.   And in this case if the instrument was delivered at all, it was as a conveyance, not otherwise. *Parker and wife vs. Parker and wife*, 1 *Gray* 411; *Merriam vs. Leonard*, 6 *Cush.* 151.

It is unnecessary to consider the question of pleading presented, as the point we have determined fully disposes of the case on its merits.   The action was properly dismissed by the referee, and the court was right in denying the motion to set aside the report and for a new trial.

The order appealed from is therefore affirmed.