GEORGE R. BABBITT v. SARAH BENNETT and Another.[1]

May 12, 1897.

Nos. 10,637—(144).

### Deed—What Constitutes—Delivery.

> *Held,* that the evidence justified the finding that a certain deed had never been delivered. The mere recording of a deed by the grantor, without the knowledge of the grantee, in the absence of other circumstances, will not, as a general rule, amount to a delivery.

Appeal by defendants from a judgment of the district court for Douglas county, entered pursuant to the findings and order of Baxter, J. Affirmed.

*Raney & Simmons,* and *Constant & A. T. Larson,* for appellants.

The voluntary recording of a deed by the grantor with the intention to pass title to the grantee is a valid delivery. Issitt v. Dewey, 47 Neb. 196; Cecil v. Beaver, 28 Iowa, 241; Palmer v. Palmer, 62 Iowa, 204; Glaze v. Three Rivers, 87 Mich. 349; Compton v. White, 86 Mich. 33; Conlan v. Grace, 36 Minn. 276. No trust resulted in favor of the plaintiff. Mr. Perry, after citing the rule applied to voluntary conveyances under the common law, uses the following language: "This rule does not apply to modern conveyances, and no trust is now held to result to a grantor, although he conveys his estate without consideration." 1 Perry, Trusts, § 162; Moore v. Horsley, 156 Ill. 36; Wolford v. Farnham, 44 Minn. 159. See, also, Campbell v. Campbell, 70 Wis. 311; Barnes v. Munro, 95 Mich. 612; Tiffany v. Tiffany (Mich.), 68 N. W. 127; G. S. 1894, § 4280.

*H. Jenkins,* for respondent.

The question whether there was a delivery of the deed was one of fact, Conlan v. Grace, 36 Minn. 281, 2 Jones, Real Prop. § 1218, and this court will not disturb the finding. The recording of the deed by the plaintiff might perhaps, if there was absence of opposing evidence, justify a presumption of delivery, but as the registry was made without the assent of the grantee, who had no knowledge of the existence of the deed at the time, and the property remained in

[1] Reported in 71 N. W. 22.

the possession of the grantor, and was valuable for use and occupation, the presumption would be repelled. Younge v. Guilbeau, 3 Wall. 636; Hutton v. Smith, 88 Iowa, 238; Jackson v. Phipps, 12 Johns. 418; Maynard v. Maynard, 10 Mass. 456; Derry v. Webster, 44 N. H. 267; Union v. Campbell, 95 Ill. 267; Stevens v. Castel, 63 Mich. 111; Knolls v. Barnhart, 71 N. Y. 474. Any prima facie presumption of the delivery of the deed because of the recording was rebutted also by the fact that it had never been accepted. Welch v. Sackett, 12 Wis. 244; 2 Jones, Real Prop. § 1276. See, also, Davis v. Davis, 92 Iowa, 147; Weber v. Cristen, 121 Ill. 91; Prutsman v. Baker, 30 Wis. 644, and Dunnington v. Hubbard, 65 Md. 87.

MITCHELL, J. The evidence tended to prove the following state of facts: The plaintiff was the owner, and occupied as his home, the premises in controversy. He and his wife had separated, and were apparently expecting to secure a divorce, which they in fact did shortly afterwards. They entered into an agreement by which plaintiff was to pay her a certain sum of money, in consideration of which she was to release all claims for alimony and all claims to his real estate. Desiring to carry out this arrangement, but understanding that a wife could not convey an interest in real estate directly to her husband, he and she joined in a deed of the premises in which the defendant Mrs. Bennett, his half sister residing in Iowa, was named as grantee. The sole purpose of this deed was to enable plaintiff to control the title of the property free from any claim or interest on the part of his wife. The deed was left in the possession of the plaintiff, who filed it for record, and after it was recorded took it out of the register's office, and ever afterwards retained it, until it was taken out of his possession surreptitiously, or at least without his knowledge or consent, by Mrs. Bennett's husband and co-defendant.

The plaintiff testified that he recorded the deed because he thought it was necessary to make it legal, but that he had no intention of delivering it to Mrs. Bennett, or of vesting the title of the property in her. Mrs. Bennett knew nothing of the execution of the deed to her, was never consulted in the matter and never paid any consideration for it. She was first advised of its execution by a letter from her sister, who was living with the plaintiff. Plaintiff continued in the actual possession and occupancy of the premises as owner pre-

cisely as before the deed was executed. Mrs. Bennett never asserted any right to the property under the deed, and after plaintiff secured a divorce from his wife she, at his request, without objection, executed an instrument purporting to reconvey the premises to him; but, her husband having refused to join in the execution of the deed, the plaintiff brought this action to have the deed from him to Mrs. Bennett and the record thereof canceled, alleging, among other things, that the deed had never been delivered. The trial court found that all the allegations of the complaint were true, and ordered judgment for the plaintiff.

It would appear from his memorandum that the judge's order for judgment was based on three separate and distinct grounds, viz.: (1) That the deed from plaintiff to Mrs. Bennett had never been delivered. (2) That the understanding on part of both plaintiff and Mrs. Bennett was that she was not to become the actual owner of the premises, but was merely to nominally hold the title until plaintiff asked her for a reconveyance; in other words, that there was an oral agreement or understanding between them that she should hold the property in trust for him. (3) That the sole deed of Mrs. Bennett was valid and effectual to reconvey the premises to the plaintiff, notwithstanding the decisions of the court to the contrary.

The first and second of these are clearly inconsistent, because the second necessarily presupposes that the deed had been delivered. But the second is manifestly untenable, for the reason that, under our statute of uses and trusts,[2] a parol agreement, made at the time of executing a conveyance, that the grantee shall hold the property for the grantor, is void, as an attempt to create a trust by parol. The third ground is equally untenable, for we have repeatedly held that the sole deed of a married woman is void under our statutes.[3]

It only remains to consider the first ground. If the evidence justified the finding that this deed was never delivered, the decision of the trial judge must be affirmed, however erroneous his views may have been on other questions. It is, of course, very elementary law that a deed does not take effect until there is a delivery to the grantee, either actual or constructive. Delivery is a question of fact, and is

[2] G. S. 1894, c. 43.      [3] G. S. 1894, §§ 5532, 5534.

mainly and primarily one of the intention of the grantor. The delivery of a deed is complete only when the grantor has put it beyond his power to revoke or reclaim it. The important question in determining whether there has been a delivery is the intent of the grantor that the instrument shall pass out of his control, and operate as a conveyance. The existence or nonexistence of this intent, however, must be determined from his acts, and not from some secret state of mind inconsistent with his conduct. This intention may be inferred from a variety of circumstances, but the circumstances must be such as to satisfactorily indicate the grantor's intention to presently part with the property, and to put the deed within the control of the grantee. There may be a handing over of the instrument into the manual possession of the grantee without any delivery, and, on the other hand, there may be a delivery, although the actual physical custody of the instrument remains with the grantor.

A delivery may be inferred from the fact, among others, that after the instrument was completed the grantor filed it for record. But this is not conclusive evidence of a delivery. Recording alone does not constitute a delivery; and generally it may be said that the recording of a deed by the grantor, without the knowledge of the grantee, without other circumstances, does not amount to a delivery. See 2 Jones, Real Prop. § 1289, and cases cited. Some of the cases may go too far in holding, as a matter of law, that there was no delivery, although the grantor had filed the deed for record; but we apprehend that, upon both principle and authority, there can be no doubt of the proposition that the mere recording of a deed by the grantor is, at least, not conclusive evidence of a delivery. The evidence shows that when plaintiff's sister was writing a letter to Mrs. Bennett she asked plaintiff if he had any objection to her telling Mrs. Bennett that some property had been deeded to her, and that plaintiff replied, in substance, that he had not. Defendant's counsel claim that the evidence shows that on the faith of this information Mrs. Bennett and her husband sold their property in Iowa, and came up to Minnesota, accepted the deed, and, under it, took possession of the premises jointly with the plaintiff.

We do not think that the evidence justifies any such claim. It does not appear that Mrs. Bennett ever knew or inquired what prop-

erty had been deeded to her, or that the existence of such a deed had anything to do with her moving to Minnesota. On the contrary, the evidence tends to show that the only inducement for Mrs. Bennett and her husband moving to Minnesota was the prospect of succeeding to plaintiff's restaurant business, and the representation that when plaintiff and his sister, who was living with him, died, they would leave their property to her; that when the defendants came up they went to live with plaintiff as his guests, and not by virtue of any supposed interest in the property under this deed; and that when the restaurant business proved unprofitable they returned to Iowa.

Counsel also lay hold of some detached expressions of the plaintiff as meaning that he intended the deed to operate immediately as a present conveyance, but it is hardly fair to separate these expressions from their connection, and then construe them according to their strict literal meaning, especially when the party is unlearned in the law, and is ignorant of the exact legal meaning of particular terms. Our conclusion is that, taking all the evidence, both direct and circumstantial, together, it justified the finding of the court that the deed had never been delivered, and hence never took effect as a conveyance.

Judgment affirmed.