GEORGE D. VESSEY v. MARY E. DWYER and Another.[1]

December 15, 1911.

Nos. 17,295—(153).

**Delivery of deed.**
> Possession at the trial of a recorded deed by a person claiming under it is prima facie evidence that the deed was duly delivered.

[1] Reported in 133 N. W. 613.

**Condition in deed construed — life estate reserved.**

>    The conditions contained in the deed under which plaintiff claims construed, and *held* to constitute the reservation of a life estate in the land conveyed and the use of the rents and profits during the life of the grantor.

Action in the district court for Hennepin county for partition of certain land. The answer admitted the value of the land alleged, denied the other allegations of the complaint, and alleged that any claim made to the premises by plaintiff was derived wholly through the deed mentioned in the opinion; that the instrument was never delivered to any person, and was wholly ineffectual to convey any interest in the land. The reply alleged that the deed in question was duly delivered and caused to be recorded by the grantor for the purpose of conveying the title to the land to her two daughters, and reserving to herself a life estate therein. At the trial the deed was produced by plaintiff, "a few admissions were made in open court as to the date of the marriage with the plaintiff of Lizzie Darcy, one of the grantees in the deed," and that plaintiff was the sole heir at law of the child of that marriage. "No further evidence was offered by either party, and the case was submitted" to Holt, J., who found the deed conveyed the land described to the grantees therein named, to each an undivided one-half thereof, as tenants in common, reserving a life estate in the same to the grantor for the balance of her life, ordered judgment in favor of plaintiff and appointed referees to make partition of the land. The report of the referees was confirmed, Hale, J. From the judgment entered pursuant to the findings and order of confirmation, defendants appealed. Affirmed.

*Mead & Bryngelson* and *James Robertson,* for appellants.

*J. B. Phelps,* for respondent.

LEWIS, J.

Action for partition of thirty acres of land, and the controversy over the title arose as follows: On August 30, 1894, Ellen Darcy, a widow, executed a quitclaim deed conveying the premises in ques-

tion to her daughters, Mary E. Darcy and Lizzie Darcy. The deed was in the ordinary form, but contained the following conditions:

"This conveyance and the title of said second parties to the above-described lands to take only upon the death of said first party; and this conveyance is made only upon the covenant and agreement between all said parties that said first party shall continue to own and occupy said land as her own during her natural life, and said first party hereby reserves to herself the use, occupation, rents, and profits of all said described land during her natural life. To have and to hold the above quitclaimed premises, together with all the hereditaments and appurtenances thereunto belonging or in anywise appertaining, unto the said parties of the second part, their heirs and assigns, forever, subject to the conditions and reservations above set forth."

The deed was recorded in the office of the register of deeds on October 15, 1894; but it does not appear by whom it was left for record, although the court found that the plaintiff produced the deed at the trial. Lizzie Darcy was married to plaintiff on June 6, 1899, and a daughter was born to them on September 2, 1901. Lizzie Vessey died on October 4, 1902, and the child died April 25, 1909. Mary E. Darcy married the defendant Michael Dwyer.

Plaintiff claims as the heir at law of the child, through its mother, and defendants submit that the deed was void upon two grounds: First, that it was never delivered; and, second, that upon its face the deed is of a testamentary character, and, not having been executed in accordance with the statute governing the execution of wills, is void.

1. The evidence is sufficient to sustain the trial court in finding that the deed was delivered. The rule is that delivery depends upon the intent of the grantor, as appears from the contents of the deed and all the surrounding circumstances. Lee v. Fletcher, 46 Minn. 49, 48 N. W. 456, 12 L.R.A. 171; Barnard v. Thurston, 86 Minn. 343, 90 N. W. 574. Under certain circumstances the mere recording of a deed without the knowledge of the grantee may not be sufficient to constitute delivery. Babbitt v. Bennett, 68 Minn. 260, 71 N. W. 22. But it has generally been held that the record-

ing of a deed by the grantor without the knowledge of the grantee raises a presumption of delivery, which will prevail in the absence of evidence that the grantor did not intend a delivery. Note to Pentico v. Hays (Kan.) 9 L.R.A.(N.S.) 224. In this case the deed was caused to be recorded by some one, presumably by the grantor, and was in the possession of the plaintiff at the trial claiming under it. This constituted prima facie evidence that the deed was duly delivered. Tucker v. Helgren, 102 Minn. 382, 113 N. W. 912.

2. We are satisfied from a consideration of the entire instrument that it was the intention that the deed take effect as a conveyance in præsenti, with a reservation in the grantor of the use and occupancy thereof during her natural life. Some of the language used to express this idea was not well chosen, and when isolated from the context might indicate an intention directly opposed to the granting clause. The words "shall continue to own" may be consistently construed to refer to the right of control and occupancy of the land and to the use of the rents and profits to be derived from the land during her natural life. Evidently the grantor intended to convey something. Effect should be given to the instrument, if possible. If construed as a will, it is a void document. By construing it to be a deed, effect is given to the intention. Deeds containing similar reservations have been upheld. Blanchard v. Morey, 56 Vt. 170; Graves v. Atwood, 52 Conn. 512, 52 Am. Rep. 610; Dismukes v. Parrott, 56 Ga. 513; notes to Wilson v. Carrico, 49 Am. St. 213, and Pentico v. Hays (Kan.) 9 L.R.A.(N.S.) 224, supra.

Affirmed.