## FREDERICK G. INGERSOLL AND ANOTHER v. AMANDA H. ODENDAHL AND ANOTHER.[1]

May 11, 1917.

Nos. 20,254—(84).

**Delivery of deed.**

1. A deed, executed by a man advanced in years to his only child and heir, was delivered by him to the attorney who drew the deed, with instructions to have it recorded. The attorney took it to the proper office for record, but taxes were unpaid and it could not be recorded until they were paid. He kept the deed with the knowledge of both parties, the grantor promising to pay the taxes but he died before doing so. The court properly found that the deed had been delivered.

**Witness — wife not competent.**

2. In an action against husband and wife to set aside a deed to the wife, the wife cannot be compelled to testify.

**Delivery of deed — sufficiency..**

3. No particular ceremony is necessary to the delivery of a deed, and,

[1]Reported in 162 N. W. 525.

if it be so disposed of as to show an intention of the parties that it shall become immediately operative, that is sufficient.

**Same — control.**

4. The essential thing to a delivery of a deed is that the grantor must part with its control and put it beyond his power to revoke or recall it.

**Same — presumption from recording.**

5. Placing a deed on record usually operates as a delivery of it, and, though done without the knowledge of the grantee, raises a presumption of delivery.

**Presumption from acceptance.**

6. Where a grant imposes no burden upon the grantee, acceptance will be presumed.

**Delivery to agent — presumption.**

7. Delivery to the grantor's agent is no delivery, but delivery to one as agent of the grantee is a delivery to the grantee, and it will be presumed that a third person to whom a delivery is made takes as an agent or trustee of the grantee.

**Same.**

8. Delivery of a deed to a third person, with instructions to record it, presumptively constitutes him the grantee's agent, as it is the duty of the grantee to record the deed.

**Delivery — evidence.**

9. Continued possession and management of the property by the grantor is a circumstance negativing delivery, but is not conclusive.

Action in the district court for Ramsey county by the administrators of the estate of Charles Wirth, deceased, to recover possession of certain tracts of real estate and $2,000 for the use and occupancy of the same. The case was tried before Hanft, J., who made findings and as conclusions of law ordered judgment in favor of defendants for costs and disbursements. From an order denying plaintiff's and intervener's motion for a new trial, they appealed. Affirmed.

*Frederick G. Ingersoll, George R. O'Reilly* and *J. A. Sweeney,* for appellants.

*Barton & Kay,* for respondents.

HALLAM, J.

This action is brought by administrators of the estate of Dr. Carl

Wirth, deceased, to recover possession of several tracts of real estate, which were owned by Dr. Wirth in his lifetime. The court found for defendants. The defendant Amanda H. Odendahl was the daughter and sole heir of deceased. Defendants claim that Dr. Wirth, a man advanced in years, executed and delivered a deed to his daughter of all the property in controversy. A deed of this purport, bearing date June 11, 1913, was recorded June 13, 1914. Dr. Wirth died in April, 1914.

It was claimed on the trial that all but one of the descriptions in this deed were inserted after the deed was executed, and without the knowledge of Dr. Wirth. There was testimony denying this in positive terms. The court found against the contention. The evidence sustains this finding.

An intervener, claiming to be a creditor, came into the case, and in a complaint in intervention attacked the transfer as in fraud of creditors. This complaint has been dismissed. There is no allegation in plaintiffs' complaint of fraud or of creditors, nor did plaintiffs make proof of any such facts. In the intervener's complaint there was an allegation that a claim of his had been allowed by the probate court and that the estate was insolvent. This was admitted in an answer to the intervener's complaint. But the intervener has retired from the case. He is asking no relief and wants none, and it does not appear that there are any other creditors. The issue of fraud upon creditors is out of the case.

Counsel for appellants, in a reply brief, suggest that in such event, leave should be granted them to amend their pleadings. Application of this character should be made to the trial court.

It appears that the ostensible purpose of the giving of the deed from Dr. Wirth to his daughter was to evade payment of an inheritance tax. The statute appears broad enough to reach frauds of that sort without the necessity of setting aside the conveyance. G. S. 1913, § 2271. See Innes v. Potter, 130 Minn. 320, 326, 153 N. W. 604.

In fact, not much is involved in this lawsuit now except the costs of litigation and expenses of administration. The defendant Amanda H. Odendahl receives the estate in any event. If the deed was operative, she gets the property as grantee; if it is inoperative, she gets it as heir. The difference is one of procedure. One question, however, should be decided.

1. It is contended that the deed was never delivered. The court found that it was delivered. If it was not, then the property remained the property of the deceased and the administrator is entitled to recover possession of it, whether there are creditors or not. Kern v. Cooper, 91 Minn. 121, 97 N. W. 648; Eyre v. City of Faribault, 121 Minn. 233, 141 N. W. 170, L.R.A. 1917A, 685. If the deed was delivered, the property never became part of the estate, even though the deed was without consideration. No rights of third parties intervening, deceased might give his property to his daughter, and if he did so, the administrator of his estate has no claim upon it.

The law is that no particular ceremony is necessary to the delivery of a deed. If the deed be so disposed of as to evince an intention of the parties that it shall become immediately operative, that is sufficient. Conlan v. Grace, 36 Minn. 276, 30 N. W. 880; Lee v. Fletcher, 46 Minn. 49, 48 N. W. 456, 12 L.R.A. 171. The essential thing is that the grantor must part with control of the deed and put it beyond his power to revoke or recall. Babbitt v. Bennett, 68 Minn. 260, 71 N. W. 22; Dickson v. Miller, 124 Minn. 346, 145 N. W. 112; Innes v. Potter, 130 Minn. 320, 153 N. W. 604. Placing a deed on record usually operates as a delivery of it. This act, even though done without the knowledge of the grantee, raises a presumption of delivery. Vessey v. Dwyer, 116 Minn. 245, 123 N. W. 613. Where the grant imposes no burdens upon the grantee, acceptance will be presumed. Varley v. Sims, 100 Minn. 331, 111 N. W. 269, 8 L.R.A.(N.S.) 828, 117 Am. St. 694. Delivery to the agent of the grantor is no delivery, but delivery to one as agent for the grantee is a delivery to the grantee, and it will be presumed that a third person, to whom a delivery is made, takes as the agent or trustee of the grantee. Varley v. Sims, supra. Delivery of a deed to a third person with instructions to record it, presumptively constitutes such person the agent of the grantee (Sewell v. Home Ins. Co. 131 App. Div. 131, 115 N. Y. Supp. 345), for it is the business of the grantee to record the deed. Such person may be constituted the agent of the grantee, though he has acted as attorney for the grantor in preparing the deed. Bates v. Winter, 138 Wis. 673, 120 N. W. 498. Continued possession and management of the property by the grantor is a circumstance tending to negative delivery, but it is not conclusive.

The facts bearing on delivery are as follows: Deceased employed Mr. Schmidt, an attorney, to prepare this deed. He executed it in the office of Mr. Schmidt and after its execution left it with him with instructions to have it recorded. On the same day, the Odendahls executed a deed of part of this property to one Staehle, pursuant to agreement previously made by deceased. Schmidt took the Wirth deed to the court house for the purpose of placing it on record, as instructed, but found that the taxes were not paid on some of the property and so the deed could not be recorded. Schmidt told deceased of these facts. Deceased said he had a receipt for these taxes and promised to look for the receipt, stating that if he could not find it he would pay the taxes. Schmidt talked with deceased several times about the matter. On one occasion he talked with him in the presence of defendant Amanda, and in that conversation she said, "Well, doctor, you better take care of that," and the doctor said he would. The taxes were not paid up to the time of the death of deceased. During all this time, Schmidt held the deed. The rents of the property were received by deceased up to the time of his death, and he continued to manage it as before the deed was given.

It seems quite clear that the court could properly find from these facts that the deed was delivered.

2. The trial court refused to permit plaintiffs to call the defendant Amanda H. Odendahl for cross-examination under the statute on the ground that her husband was a party to the action, and that it was not proper to examine her as a witness against her husband. The ruling was right. Leonard v. Green, 30 Minn. 496, 16 N. W. 399; National German-American Bank of St. Paul v. Lawrence, 77 Minn. 282, 79 N. W. 1016, 80 N. W. 363. Plaintiff then offered to dismiss the action as to defendant Fred H. Odendahl, but this was denied. The denial of this motion was within the discretion of the court. Leonard v. Green, supra.

Order affirmed.