## VICTOR KESSLER v. L. KRUIDENIER.[1]

May 18, 1928.

Nos. 26,697, 26,735.

**Question of fact whether grantee accepted the deed handed to him.**

1. Where a deed was handed to a grantee and he placed it in his pocket, without examination, and about an hour thereafter examined it and found that it did not comply with the written contract under which it was to be given, and he at once called up the grantor and declined to accept the deed and was promised a new deed, which was never given, and, while waiting for a new deed, the one given was lost or mislaid and was not returned to the grantor, the question of whether or not the grantee accepted the deed was a question of fact.

**On appeal theory of case may not be shifted from that at trial.**

2. The case was tried and submitted to the jury on the theory that the only issue was as to the amount of damages, if any. Defendant took no exception to the charge so submitting the case, either at the trial or in his motion for a new trial, and at no time made any request or suggestion to the court that any other issue be submitted to the jury. *Held* that he cannot change the theory of the case on appeal.

**Competent evidence of value against defendant.**

3. Statements and representations made by defendant during negotiations for sale or exchange of property owned by him as to its value *held* competent evidence of value as against him.

**Errors assigned unavailing.**

4. Errors assigned as to rulings on evidence examined and found not sustained, and assignments of error as to charge, not excepted to at the trial nor in motion for a new trial, are unavailing here.

Appeal and Error, 3 C. J. p. 919 n. 34; p. 922 n. 36; p. 980 n. 70.
Deeds, 18 C. J. p. 212 n. 63; p. 215 n. 1.
Evidence, 22 C. J. p. 180 n. 59.

See 2 R. C. L. 183; 1 R. C. L. Supp. 428; 4 R. C. L. Supp. 89; 5 R. C. L. Supp. 78; 6 R. C. L. Supp. 72; 7 R. C. L. Supp. 36.

Action in the district court for Hennepin county to recover damages for the failure of defendant to give a deed to a farm pursuant to the terms of a contract between plaintiff and defendant. There

[1]Reported in 219 N. W. 552.

was a verdict for plaintiff, and defendant appealed from an order, Salmon, J. denying his alternative motion for judgment or a new trial and from a judgment for the plaintiff thereafter entered. Affirmed.

C. W. Wright, for appellant.

Loren Risk, for respondent.

OLSEN, C.

Appeals by defendant from an order denying his alternative motion for judgment notwithstanding the verdict or for a new trial and from the judgment thereafter entered.

Plaintiff and defendant entered into a contract to exchange certain properties. Plaintiff agreed to convey to defendant a large apartment building and lot in Minneapolis, Minnesota, subject to certain encumbrances. Defendant, in exchange therefor, agreed to convey to plaintiff a smaller apartment building and lot in the same city and a farm of 115 acres in Iowa, subject to certain encumbrances on each thereof. The contract did not provide or require either party to assume payment of the encumbrances on property to be received by him. The trade was even. Plaintiff duly conveyed to defendant as agreed. Defendant duly conveyed to plaintiff the apartment house property in Minneapolis. He also handed or caused to be handed to plaintiff a deed of the Iowa farm. The deed was handed to plaintiff at the office of the conveyancer. Plaintiff testified that he did not then examine the deed but took it with him to his place of business and there examined it; that he discovered that the deed contained an assumption clause whereby he assumed and agreed to pay the mortgages on the Iowa farm amounting to $12,000; that he then called defendant by telephone and, after a short delay in getting into communication with him, informed him, on this same day the deed was given, that he would not accept the deed with such assumption clause therein; that defendant stated he would give another deed; that thereafter plaintiff. repeatedly asked for a new deed to comply with the contract; that defendant, about two months thereafter, tendered a new deed, but it contained the same assumption clause and was refused by plain-

tiff, and defendant then refused to give any different deed; that a few days after he received the first deed plaintiff mislaid it and was unable to find it again until a few months before the trial. He tendered the deed back to defendant at the trial, and the record indicates that defendant accepted it. No prior express tender of return is shown. Incidentally it appears that by some arrangement and at plaintiff's request the deed named the plaintiff and one C. R. Risk as grantees. The trade agreement was made April 15, 1925, and the deeds made about May 1, 1925. This action was commenced about September 24, 1926, to recover damages for the failure of defendant to give a deed to the Iowa farm in compliance with the contract. Plaintiff had a verdict for $8,125 and interest.

1. Defendant moved for a directed verdict at the close of the evidence, which was denied, and assigned error thereon in his motion for judgment and in his appeal here. This raises the question of whether or not defendant was entitled to a directed verdict; in other words, whether or not there was then any evidence to sustain a verdict by the jury in favor of the plaintiff. Had the plaintiff then made out a case which entitled him to have the jury pass upon his right to recover? It is urged that plaintiff must be deemed to have accepted the deed to the Iowa farm; that his retention thereof and failure promptly to return it operated as an acceptance and, having accepted the deed, he cannot recover damages for failure to give a deed complying with the contract. As already indicated, plaintiff testified that he retained the deed for a time under the promise of defendant to give another proper deed; that before the defendant finally refused to carry out his promise the deed became mislaid and could not be found and was not again discovered until some time after this action was commenced. It was tendered at the trial.

It is the rule in this state and generally that acceptance of the deed by the grantee is necessary to complete delivery; or, as otherwise stated, "it is essential to the validity of a deed that there be an acceptance of the instrument by the grantee." 18 C. J. 212; 2 Dunnell, Minn. Dig. (2 ed.) § 2670; 8 R. C. L. 975; Comer v. Baldwin, 16 Minn. 151 (172); Streissguth v. Kroll, 86 Minn. 325, 90 N. W. 577;

Bingham v. Bingham, 105 Minn. 271, 117 N. W. 488. A citation of the long line of decisions in other states is not necessary.

Whether or not a deed has been delivered is ordinarily a question of fact. That this deed had ever been accepted by the plaintiff so as to complete delivery thereof is not so conclusively shown as to take that question from the jury. It should properly have been left to the jury, except for the situation now to be noted.

2. When the plaintiff tendered back the deed at the trial the record indicates that defendant accepted the tender. When plaintiff rested, the defendant rested for the purpose of moving for a directed verdict. He then moved that the court direct a verdict for defendant "on the ground that the plaintiff has failed to establish any damages of any kind by reason of the failure of the defendant to deliver to him a deed in accordance with the terms of the contract." Near the close of the evidence the court stated: "The only thing that we are interested in is the value of the land under litigation." At the close of the evidence defendant's attorney renewed his motion for a directed verdict "on the ground that the only testimony in this case that in any way shows value is the testimony given by the defendant * * * that it is worth not more than $12,000, and that is damnum absque injuria." He next moved for a dismissal on the ground that there is a defect of parties plaintiff. These motions were denied. Counsel argued the case. The court then charged the jury and stated:

"This has really become a very simple case. The contract is admitted. It is admitted also by counsel in his argument that there was no compliance with the contract. In other words, the plaintiff did not have to accept the deed that was tendered to him with the provision that he 'assumed and agreed to pay' the mortgages on the land. He was not obligated to accept that. The contract didn't contain a clause to that effect. * * * Now, the only question before you, both counsel have agreed, is the value—that is, what was the damage."

The question of damages was then submitted to the jury. No exceptions were taken to the charge as given, and none are noted

in the motion for a new trial. At the close of the charge defendant's attorney requested the court to charge that the only evidence as to the value of the farm was defendant's testimony that it was worth $12,000, and that the value of the farm, less the mortgages thereon, was the criterion of value; in other words, the measure of damages. Exceptions were taken and preserved to the refusal of the court to give these requests. It was in no way suggested to the court that any question of delivery or acceptance of the deed was at issue or should be submitted to the jury. The case appears to come well within the rule, established by a long line of decisions in this state, that where a case is tried and decided on one theory, without objection, an appellant may not depart therefrom and shift his theory of the case on appeal. 1 Dunnell, Minn. Dig. (2 ed.) §§ 401, 403, 404, 408, 409; Denoyer v. Railway Tr. Co. 121 Minn. 269, 141 N. W. 175; Campbell v. C. N. Ry. Co. 124 Minn. 245, 144 N. W. 772; Anderson v. Butterick Pub. Co. 132 Minn. 30, 155 N. W. 1045; Victor Prod. Co. v. C. St. P. M. & O. Ry. Co. 135 Minn. 49, 160 N. W. 201; St. Paul State Bank v. Rippe G. & M. Co. 160 Minn. 102, 199 N. W. 519.

Where a motion is made on special stated grounds, new grounds therefor cannot be alleged on appeal. State ex rel. Weide v. District Court, 56 Minn. 56, 57 N. W. 319. The court did not err in denying the motion for a directed verdict or in denying the motion for judgment notwithstanding the verdict.

We have not overlooked the fact that early in the trial defendant's counsel, by an objection to evidence, indicated a claim that plaintiff had accepted the deed by retaining it.

3. It is urged that there is no evidence to sustain a verdict for any substantial amount of damages. There is evidence that the equity in the farm in question was figured at $8,125 and the exchange made on that basis, and that the defendant, who was then the owner of the farm, stated and represented to the plaintiff, at the time, that the farm was worth $175 an acre, which would make the value of his equity the sum stated. While it is true that mere trade talk for the purpose of exchange will not generally sustain a charge of fraud and may not be sufficient in some circumstances to sustain

a finding of value, yet the general rule is that a valuation placed by the owner upon his property may be shown against him as an admission. 22 C. J. 180; Donlon v. Evans, 40 Minn. 501, 42 N. W. 472. In the case cited, statements of the defendant during the negotiations as to the value of the land traded by him to the plaintiff are held competent and sufficient evidence of value.

4. Rulings on admission of evidence, assigned as error, have been examined and found not to present any grounds for reversal. The two assignments of error as to the charge are unavailing because no exception thereto was taken at the trial nor in the motion for a new trial.

The order and judgment appealed from are affirmed.