**In re: Wayne H. BIDWELL, Debtor.**

**Terri A. Georgen–Running, in her capacity as a Chapter 7 Trustee of the bankruptcy estate of Wayne H. Bidwell, Plaintiff,**

**v.**

**Wayne H. Bidwell; Meri Lynn Bidwell; Daniel J. Lee; Title & Closing, Inc., a Minnesota corporation; and Bank of America, N.A., a National Banking Association, Defendants.**

**No. BKY 98–46322.
ADV. No. 04–4199.**

United States Bankruptcy Court, D. Minnesota.

June 9, 2005.

Iowa Code § 627.6(11).

John R Koch, St Cloud, MN, for Debtor.

*MEMORANDUM OPINION
AND ORDER*

ROBERT J. KRESSEL, Bankruptcy Judge.

The plaintiff's motion for summary judgment was heard on May 4, 2004. Patrick B. Hennessey appeared for the plaintiff and John R. Koch appeared for defendants Wayne H. Bidwell and Daniel J. Lee. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334, and Local Rule 1070–1. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)

## FACTUAL BACKGROUND

On March 7, 1996 Florence E. Bidwell, the debtor's mother, signed a quitclaim deed to her home, naming her children Colleen A. McFarlane and Wayne E. Bidwell as cotenants, each with a one half remainder interest in the property.[1] Prior

---

1. The property is legally described as Lot 2, Block 4, Farr Addition, Hennepin County, Minnesota.

to signing the deed, Florence Bidwell consulted with her lawyer, Fredrick R. Kopplin, about transferring a remainder interest to her children. In a letter dated November 17, 1995, Kopplin laid out the implications as well as the benefits and detriments to her of transferring a remainder interest and maintaining a life estate in her property. In the letter, Kopplin warned Florence Bidwell that transferring a remainder interest to her children would result in a loss of complete control over the property, and that financial problems by one of the co-owners, including a bankruptcy, would affect the property.

Florence Bidwell signed the deed, and on March 19, 1996 Kopplin filed it with the Hennepin County Recorder. After filing the deed, Kopplin returned it to Florence Bidwell and she kept it in her possession. Neither McFarlane nor the debtor knew about the execution or filing of the deed. The debtor filed his petition for Chapter 7 bankruptcy on October 1, 1998. The debtor did not list his one half remainder interest in the property in his schedules and as a result, the trustee did not administer the property prior to the closing of the case on December 28, 1999.

In 2001 Florence Bidwell moved out of the home and leased it to her grandson, Daniel Lee. In the fall of 2002, Florence Bidwell decided to sell her home to Lee. In October 2002, as part of the sale process to Lee, the debtor became aware of his one half remainder interest in Florence Bidwell's property. The debtor consulted with Kopplin to determine the most advantageous way to handle the sale to Lee. Kopplin laid out the debtor's options in a letter dated October 21, 2002. The first option involved transferring the property back to his mother and then Florence Bidwell transferring the property to Lee. The second option involved the transfer of the debtor's interest directly to Lee. At no time after becoming aware of his interest in the property, did the debtor express an interest in disclaiming or make efforts to disclaim the gift.

On December 30, 2002, the debtor and his wife executed a quit claim deed for the property transferring their remainder interest in the property back to Florence Bidwell. On that same day, Florence Bidwell conveyed the property to Lee for $153,500.00. After expenses the sale netted $148,700.00. As part of the closing, Florence Bidwell and the debtor entered into an escrow agreement with Title and Closing, Inc. d/b/a/ National Real Estate Information Services. Under the terms of the agreement $35,000.00 of the proceeds of the sale of the property from Florence Bidwell to Lee was placed in an escrow account. This amount represented the amount Title thought may be subject to a claim by the trustee. Lee granted the Bank of America, N.A. a mortgage on the property. On Dec. 30, 2002 Florence Bidwell wrote two $10,000.00 checks from the proceeds of the sale of the home payable to the debtor and his wife, Meri Lynn Bidwell. She wrote two more checks payable to the debtor and Meri Lynn Bidwell for the same amounts dated January 2, 2003. On March 21, 2003 Florence Bidwell died. On October 17, 2003 the debtor filed an application to reopen his bankruptcy case. The case was reopened on October 20, 2003 and the plaintiff was appointed trustee.

The trustee filed this adversary proceeding on July 14, 2004 seeking to avoid the transfer of the real estate interest from the debtor to Florence Bidwell pursuant to 11 U.S.C. § 549 and recover the property or its equivalent value from one or more of the defendants under 11 U.S.C. § 550.

## PROCEDURAL BACKGROUND

The trustee entered into a settlement agreement with the defendants. In that

agreement the parties agreed that the value of the debtor's life estate interest in the property was $72,920.00. The parties further agreed that the debtor and Meri Lynne Bidwell would deposit $38,000.00 and that Title would deposit $35,000.00 in the trustee's trust account for a total of $73,000.00. All parties agreed that those deposits, which they term the "recovery fund", will be the complete source of payment for any award or judgment in favor of the trustee and against Lee or the debtor.

Defendants Meri Lynn Bidwell, Bank of America, N.A., and Title & Closing, Inc. were dismissed as defendants upon establishment of the recovery fund and approval of the settlement agreement.

## DISCUSSION

### *Summary Judgment*

Federal Rule of Bankruptcy Procedure 7056 provides that Federal Rule of Civil Procedure 56 applies when a party moves for summary judgment in an adversary proceeding. Rule 56(c) states "The judgment shall be rendered forthwith if the pleadings...show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); ("If, assuming all reasonable inferences favorable to the nonmoving party, there is no genuine issue as to any material fact, the moving party is entitled to summary judgment as a matter of law") *Tudor Oaks Limited P'ship v. Cochrane*, 124 F.3d 978, 981 (8th Cir.1997), *cert. denied*, 522 U.S. 1112, 118 S.Ct. 1044, 140 L.Ed.2d 109 (1998).

To defend against a motion for summary judgment, the non moving party must produce some evidence that there are specific facts showing there is a genuine issue of material fact. Fed.R.Civ.P. 56(e); *Celotex*, 477 at 324, 106 S.Ct. 2548. The inquiry performed is a threshold one to determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Inquiries into materiality and genuineness must be done to determine the sufficiency of the evidence.

As for materiality, the substantive law identifies which facts are material. Only disputes over facts that might affect the outcome of the suit will properly defend against entry of summary judgment. *Id.* at 247, 106 S.Ct. 2505. In other words, factual disputes that are irrelevant or unnecessary are not included. *Id.*

A fact is a genuine issue if it is such that a reasonable fact finder *could* find for the nonmoving party. *First Nat'l Bank of Arizona v. Cities Services Co.*, 391 U.S. 253, 288–289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968) (emphasis added). The key inquiry is whether the evidence offered is probative to the fact to which it is intended to prove. *Id.* at 290, 88 S.Ct. 1575. Hearsay evidence cannot defeat a motion for summary judgment. *Johnson v. Baptist Med. Center*, 97 F.3d 1070, 1073 (8th Cir.1996).

The debtor presents an affidavit from himself and one from McFarlane as evidence to defeat the trustee's motion for summary judgment. Virtually all of the evidence submitted by the debtor is either hearsay, lacks foundation or runs afoul of the parol evidence rule.

Hearsay is an out of court statement, either oral or written, made by someone other than the declarant, offered in evidence to prove the truth of the matter asserted. Fed.R.Evid. 801. Hearsay is not admissible as evidence unless it falls within one of the exceptions to the rule.

Fed.R.Evid. 802. The Supreme Court has relied on the definition provided in *McCormick on Evidence* as "testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter." *Lee v. Illinois,* 476 U.S. 530, 543 fn. 4, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986) (quoting E. Cleary, McCormick on Evidence § 246, P. 584 (2d ed.1972)).

To the extent that the debtor and McFarlane make statements in their affidavits reporting statements made by their mother or others, they are inadmissible as hearsay.

When a party intends to introduce testimony or a document into evidence, the offering party must lay a foundation to convince the judge that it satisfies applicable evidentiary requirements. A party may not testify about a subject unless sufficient evidence is introduced to show the witness has personal knowledge of the matter. Fed.R.Evid. 602. The debtor's affidavit contains multiple attempts to introduce evidence that lacks foundation. In one instance he describes a meeting where his mother was offered different estate planning options. He gives no indication of his personal knowledge of this meeting, or the circumstances surrounding his knowledge. The debtor also attached a copy of his mother's will to his affidavit, with no foundation regarding his knowledge of its authenticity.

The parol evidence rule "prohibits the admission of extrinsic evidence of prior, contemporaneous oral agreements, or prior written agreements, to explain the meaning of a contract when the parties have reduced their agreement to an unambiguous integrated writing." *Alpha Real Estate Co. of Rochester v. Delta Dental Plan of Minn.,* 664 N.W.2d 303, 312 (Minn. 2003) (quoting Richard A. Lord, Williston on Contracts § 33:1 (4th ed.1999)). As a result, "when parties reduce their agreement to writing, parol evidence is ordinarily inadmissible to vary, contradict or alter the written agreement." *Hruska v. Chandler Assoc's., Inc.,* 372 N.W.2d 709, 713 (Minn.1985).

To the extent that the debtor and McFarlane are attempting to indicate in their affidavits that Florence Bidwell never intended to transfer the remainder interests to her children, this is in violation of the parol evidence rule. The deed filed in Hennepin County was a final written agreement, was not ambiguous and may not be contradicted by extrinsic evidence.

However, the debtor's evidence is, for the most part, immaterial and therefore its admissibility is not important.

### The Debtor's Interest in the Property

### Delivery

The debtor claims he did not have an interest in the disputed property at the time of the pendency of his bankruptcy case. To have an interest in the property, Florence Bidwell must have transferred title to the debtor.

Under Minnesota law, to transfer title to real property, a deed must be delivered to the intended recipient. *Slawik v. Loseth,* 207 Minn. 137, 290 N.W. 228, 229 (1940); *In re Estate of Savich,* 671 N.W.2d 746, 750 (Minn.Ct.App.2003). A physical delivery of the deed is not necessary to convey title, all that is required is to show an unconditional intention by the grantor to part with ownership. *Barnard v. Thurston,* 86 Minn. 343, 90 N.W. 574, 576 (1902). In *Barnard,* the court stated "To constitute a complete delivery thereof, the grantor must deal with it in a way evincing an intention to part presently and unconditionally with all control over it, and

that it shall take effect according to its terms." *Id.*

■ The two essential elements to delivery of a deed are, (1) surrender of control by the grantor,[2] and (2) an intent to convey the title. *Exsted v. Exsted,* 202 Minn. 521, 279 N.W. 554, 557 (1938). The delivery depends on the *intent* of the grantor "as appears from the contents of the deed and all the surrounding circumstances." *Vessey v. Dwyer,* 116 Minn. 245, 133 N.W. 613, 614 (1911).

Minnesota appears to have two slightly different characterizations of the law where, as here, a deed is filed, but the grantee is not aware of the filing. According to one line of cases, an intent to transfer title may be *inferred* by the fact, among others, that the grantor filed the deed for record. *Babbitt v. Bennett,* 68 Minn. 260, 71 N.W. 22, 23 (1897). The court stated "Recording alone does not constitute delivery; and generally it may be said that the recording of a deed by the grantor, without the knowledge of the grantee, without other circumstances, does not constitute delivery." *Id.* In other words, filing is not conclusive evidence, there must be other circumstances surrounding the filing that indicate an intent by the grantor to transfer the title.

■ In a later line of cases, if the deed is recorded without the transferee's knowledge, and it is beneficial to him, it is *presumed* that delivery is completed in the absence of evidence to indicate that delivery was not intended. *Vessey,* 133 N.W. at 614. The court stated, "... it has generally been held that the recording of the deed by the grantor without the knowledge of the grantee raises a presumption of deliv-

ery, which will prevail in the absence of evidence that the grantor did not intend a delivery." *Id; Ingersoll v. Odendahl,* 136 Minn. 428, 162 N.W. 525, 526 (1928) Citing *Vessey,* 133 N.W. at 614. The law in Minnesota appears to be that which is stated in *Vessey.* It is the more recent case; it agrees with the Restatement of Law; and it is the better law.

According to the Restatement, to make a gift of property, the donor must transfer an ownership interest to the donee without consideration and with donative intent. Restatement (Third) of Property Donative Transfers § 6.1 (2003). The controlling consideration in determining the meaning of the donative document (deed) is the donor's intention. Restatement (Third) of Property Donative Transfers § 10.1 (2003). To determine the donor's intent, all relevant evidence may be considered including the text of the document and relevant extrinsic evidence. Restatement (Third) of Property Donative Transfers § 10.2 (2003).

■ Florence Bidwell consulted an attorney, got his advise, and acted on it. Florence Bidwell signed a quitclaim deed on her home naming her children, Colleen McFarlane and Wayne Bidwell as cotenants, while reserving for herself a life estate. The deed was properly recorded with the Hennepin County recorder. By recording the deed, Florence Bidwell indicated that she had an intention to surrender control of the remainder interest. The recording of the deed raises the presumption that she intended to transfer title according to its terms to her children. The debtor has presented no competent evidence to rebut the presumption that Florence Bidwell intended to transfer re-

2. The concept of control has little application when the interest transferred is a remainder interest. By its nature, the holder of the life estate retains control over the property. Control over a remainder interest is limited only to the ability to deal with the limited interest. It obviously does not include control over the property itself.

mainder interests in cotenancy to the debtor and McFarlane.

The evidence provided by the debtor to counter the presumption of intent to transfer is incompetent because much of it violates the hearsay rule, lacks foundation, or runs afoul of the parol evidence rule. Even if the evidence were competent, the debtor appears to argue that Florence Bidwell was engaged in welfare fraud by making a false transfer of the remainder interest in her property.[3] I refuse to accept that Florence Bidwell was engaged in fraud when she executed the deed.

■ Even if the law is that which is articulated in *Babbitt*, circumstances exist outside of the filing to indicate Florence Bidwell intended to transfer the title. Kopplin's letter dated November 17, 1995 to Florence Bidwell described conversations she had with him regarding transferring remainder interests to her children. In addition, the letter summarizes for her the benefits and detriments of transferring a remainder interest. With that knowledge, she executed and recorded a deed transferring the remainder interests to her children on March 7, 1996. These additional circumstances support the inference that recording of the deed was intended to transfer the remainder interest.

Clearly Florence Bidwell delivered a deed transferring a remainder interest in the property to the debtor, and did do intentionally.

**Acceptance**

■■ Delivery is based upon the acts of the grantor that indicate an intent to transfer the real property to the grantee. *Nash v. Kirschoff*, 157 Minn. 418, 196 N.W. 488, 489 (1923). Although Minnesota law is a little unclear about how the act of acceptance fits within the proper transfer of title for real property, the majority of cases states that if the grantor's actions meet the elements for delivery, then acceptance of the deed is presumed when the grant does not impose a burden upon the grantee.[4]

The Restatement indicates that "Acceptance by the donee is required for a gift to become complete. Acceptance is presumed, subject to the donee's right to refuse or disclaim." Restatement (Third) of Property Donative Transfers § 6.1(b) (2003). The comment to this section explains that a gift is ordinarily beneficial to the donee and therefore it is presumed to be accepted unless it is disclaimed. *Id.* cmt. I (2003).

■ The debtor claims that acceptance should not be presumed because receiving it did not benefit him. His first argument is that the deed represented a future interest and not a present interest. His argument continues that since he

---

**3.** The argument seems to be that Florence Bidwell never really intended to transfer a remainder interest to her children. She created only an appearance of a transfer so she could mislead welfare officials if she ever wanted to obtain benefits.

**4.** Some cases in Minnesota indicate that acceptance is required to complete delivery. See *Kessler v. Kruidenier*, 174 Minn. 434, 219 N.W. 552, 553 (1928) ("It is the rule in this state, and generally that acceptance of the deed by the grantee is necessary to complete delivery, or as otherwise stated, 'it is essential to the validity of the deed that there be an

acceptance of the instrument by the grantee' "). Other cases indicate that delivery and acceptance are two separate actions. See *Comer v. Baldwin*, 16 Minn. 172 (1870). Finally, others indicate that acceptance is a part of delivery, but it is presumed if no burdens are placed on the grantee as a result of the delivery. See *Ingersoll v. Odendahl*, 136 Minn. 428, 162 N.W. 525, 526 (1917); *Caskey v. Lewandowski*, 233 Minn. 334, 46 N.W.2d 865, 868 (1951); *Nybladh v. Peoples State Bank of Warren*, 247 Minn. 88, 76 N.W.2d 492, 497 (1956).

would have inherited a half interest in the property after his mother's death, it was of no benefit to him to receive a remainder interest in the property since it gave him no present benefit. However, it is axiomatic that a remainder interest in property is an asset that has value. The remainder interest can be valued and sold for monetary gain. In Minnesota, a party gains a present interest in property when he receives a remainder interest. *Nelson v. Illinois Farmers Ins. Co.,* 567 N.W.2d 538, 541 (Minn.Ct.App.1997). The argument is also presumptuous because Florence Bidwell was under no obligation to leave anything to the debtor in her will. A present interest is, by its nature, better than an expectation, even a reasonable one.

The debtor's related argument is that the conveyance of the remainder interest was actually a detriment to him because existing judgments and tax liens would have attached to the property interest. He claims that because those interests would have taken away from the debtor any possible monetary gain, the transfer resulted in a detriment. However, the March 1996 transfer of a remainder interest in property created a present benefit for the debtor whether he knew about it or not. The transfer improved the debtor's net worth by increasing the asset side of his balance sheet. This is so even if his net worth is negative both before and after the transfer. Only in the Through–The–Looking–Glass world of bankruptcy could one argue with a straight face that providing a source of satisfaction for creditors is a detriment to the debtor. To claim later, after a bankruptcy filing, that if he had not had that interest, his creditors would not have been able to take it away, is too speculative. The debtor clearly was not harmed by the gift, and just as clearly benefitted from it.

The debtor never disclaimed his interest in the property after he became aware that his mother had transferred it to him. As indicated by the October 21, 2002 letter, the debtor was in contact with Kopplin to discuss tax implications for the sale of the property to Lee but there is no evidence of a discussion regarding a disclaimer of the gift.

The debtor accepted the gift because it represented a benefit to him. The debtor did not make any attempt to disclaim his remainder interest after he became aware of it. Filing the deed created in the debtor an interest in property.

### *Property of the Bankruptcy Estate*

The debtor held a one half remainder interest in the property from March 19, 1996 until December 30, 2002. He filed bankruptcy on October 1, 1998. 11 U.S.C. § 541(a)(1) states that the estate is comprised of "...all legal or equitable interests of the debtor in property as of the commencement of the case." "The scope of section 541(a)(1) of the bankruptcy code is very broad and includes property of all descriptions, tangible and intangible..." *Whetzal v. Alderson,* 32 F.3d 1302, 1303 (8th Cir.1994). Even after the debtor's bankruptcy case was closed on December 28, 1998 the property remained property of the estate. 11 U.S.C. § 554(d) states that property that is not abandoned and not administered in the case remains property of the estate. Only property that is properly scheduled under 11 U.S.C. § 521(1) is deemed abandoned by the closing of the case. 11 U.S.C. § 554(c); *Vreugdenhill v. Navistar Int'l Transp. Corp.,* 950 F.2d 524, 526 (8th Cir.1991). Since the debtor never included the property on his schedules, and the trustee was unaware of it, the property remained property of the estate even after the bankruptcy case closed.

### Avoidance

 The transfer of the property from the debtor back to Florence Bidwell on Dec. 30, 2002 represented a post petition transfer of property of the estate. It was not authorized by any provision of the bankruptcy code or by the court. It is therefore avoidable pursuant to 11 U.S.C. § 549(a)(1).

### Recovery for the Bankruptcy Estate

11 U.S.C. § 550 determines from whom the trustee may recover property whose transfer is avoided pursuant to 11 U.S.C. § 549. Section 550(a) allows the trustee to recover from any initial transferee or any immediate transferee of the initial transferee. 11 U.S.C. § 550(a); *Sherman v. Third National Bank,* 67 F.3d 1348, 1356 (8th Cir.1995). Arguably Florence Bidwell is the initial transferor and Lee and Bank of America are the immediate transferees. As recipients of cash proceeds of the sale, the debtor and his wife as well as McFarlane and her husband may also be transferees.

The issue of recovery, however, has been resolved by the parties' agreement. The parties have stipulated that if the court determines that the debtor had an interest in the property, its value was $72,920.00. As part of the trustee's stipulation with various parties, $73,000.00 was deposited in the trustee's trust account. All parties have agreed that the two deposits in the trustee's account will pay for any judgment in favor of the trustee.

### CONCLUSION

For the reasons stated above, the Trustee's motion for summary judgment is granted. The debtor did have an interest in the property when he commenced his bankruptcy case. The plaintiff may collect from her trust account $72,920.00, the stipulated value of the debtor's one half remainder interest in the property and any accumulated interest thereon.

### ORDER

THEREFORE, IT IS ORDERED that:

1. Wayne H. Bidwell's transfer of his one half remainder interest in the property to Florence Bidwell on December 30, 2002 is void.

2. The plaintiff is entitled to the money deposited in the trustee's trust account and any interest accrued thereon.

3. The plaintiff shall recover her costs of $150.00.

LET JUDGMENT BE ENTERED ACCORDINGLY.